IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DEIRDRE COONES, as executor of the estate of Olin Coones<br><br>Plaintiff,<br><br>v.<br><br>BOARD OF COUNTY COMISSIONERS OF THE UNIFIED GOVERNMENT OF WYANDOTTE COUNTY AND KANSAS CITY KANSAS, WILLIAM MICHAEL, ANGELA GARRISON, BRYAN BLOCK, and SUSAN BROWN<br><br>Defendant. | Case No. 2:22-CV-2447-JAR-TJJ<br><br>Hon. Julie A. Robinson |

**PLAINTIFF'S MOTION TO CERTIFY DEFENDANTS'
<u>INTERLOCUTORY APPEAL AS FRIVOLOUS</u>**

Plaintiff Deirdre Coones, through her counsel Loevy & Loevy, respectfully submits this motion to certify Defendants' interlocutory appeal as frivolous for the reasons discussed below:

**INTRODUCTION**

Defendants seek to delay Plaintiff's day in court by filing a frivolous appeal. The problem for Defendants is that they are bound on appeal by the arguments made before this Court. At summary judgment, Defendants' qualified immunity argument was predicated upon a factual record that absolved Defendants of liability.

This Court resolved that factual dispute in Plaintiff's favor. In an interlocutory appeal, Defendants cannot relitigate the factual record; they can only contest purely legal issues pertaining to their claim for qualified immunity. But any argument by Defendants

contesting this Court's denial necessarily must contest the factual record and, therefore, cannot be resolved short of trial.

This sort of argument is not permissible for a narrow interlocutory appeal in the federal courts. An argument about whose story to believe and what the evidence shows must be made to the jury, not the Court of Appeals. *See Johnson v. Jones*, 515 U.S. 304, 313 (1995). As such, this Court should certify Defendants' appeal as frivolous under *Stewart v. Donges*, 915 F.2d 572 (10th Cir. 1990), retain jurisdiction over the case, and proceed with a trial.

## ARGUMENT

**I.     Federal Law Generally Prohibits Interlocutory Appeals Except in Narrow Circumstances**

Federal appellate courts have jurisdiction to review only "final decisions" of the district courts. 28 U.S.C. § 1291; *Ortiz v. Jordan*, 562 U.S. 180, 188 (2011). Based on this final judgment rule, "interlocutory appeals … are the exception, not the rule." *Johnson v. Jones*, 515 U.S. 304, 309 (1995). The exception carved out for orders denying qualified immunity is a narrow one: the Court of Appeals has jurisdiction to review such orders at the summary judgment stage, "but only to the extent the appeal involves abstract issues of law." *Ralston v. Cannon*, 884 F.3d 1060, 1066 (10th Cir. 2018); *Johnson*, 515 U.S. at 317 (the limited exception to the final judgment rule set forth in *Mitchell v. Forsyth*, 472 U.S. 511 (1985), only applies when the district court's denial of immunity presents "neat abstract issues of law" for appeal). The Tenth Circuit has reminded litigants that:

> the jurisdictional limitation at issue in this appeal has been in place since the Supreme Court's decision in *Johnson*, 515 U.S. at 319-20 [], more than twenty years ago. … appeals like the instant one that flaunt the jurisdictional limitations set out in *Johnson* serve only to delay the administration of

justice. … That being the case, this court expects practitioners will be cognizant of, and faithful to, the jurisdictional limitation set out in *Johnson*.

884 F.3d at 1067-68 (internal citations omitted). Indeed, "[t]he decision to appeal should be a considered one, … not a knee-jerk reaction to every unfavorable ruling." *DeWitt v. Western Pac. R.R. Co.*, 719 F.2d 1448, 1451 (9th Cir. 1983).

Thus, a defendant cannot immediately appeal a district court order denying him summary judgment on qualified immunity grounds if the determination is fact-related. *See Behrens v. Peltier*, 516 U.S. 299, 310-11 (1996). Moreover, a defendant cannot stop district court proceedings by simply lodging a frivolous interlocutory appeal. Allowing a defendant to assert a frivolous interlocutory appeal simply to delay a proceeding causes prejudice to Plaintiff and the Court.[1] If a defendant's challenge to the denial of his qualified immunity defense is devoid of merit, the district court can declare it as such and move forward with the case. *Stewart*, 915 F.2d at 575-76. As the Tenth Circuit observed, "there is the risk that such interlocutory appeals will be subject to abuse," and this "potential misuse of interlocutory review" can be prevented if the district court certifies the appeal as frivolous.

---

[1] A discussion of the empirical evidence against allowing exceptions to the final judgment rule in *Wheatt v. City of East Cleveland, et al.*, 2017 WL 6031816 (N.D. Ohio Dec. 6, 2017), is persuasive. The district court in *Wheatt* described how *Mitchell* "is wildly atypical," because the defendant who was asserting immunity was the Attorney General of the United States. *Id.* at *4. As the court explained:

> Typically civil rights lawsuits with immunity issues involve claims against relatively low-level government officers … Lawsuit disruption to governmental functions is minimal. … Additionally, … immunity is typically argued on summary judgment, which occurs near discovery's end. At that point, an interlocutory appeal saves only the distraction and expense associated with trial. These savings are minimal, however, because the Courts of Appeals affirm district court's denials of immunity at astoundingly high rates. In the typical case, allowing interlocutory appeals actually increases the burden and expense of litigation both for government officers and for plaintiffs. Additional expense and burden result because an interlocutory appeal adds another round of substantive briefing for both parties, potentially oral argument before an appellate panel, and usually more than twelve months of delay while waiting for an appellate decision. *Id.*

*Id.* at 576; *see also id.* at 577 (defendants disappointed in the denial of qualified immunity "may help themselves to postponement by lodging a notice of appeal") (citation and internal quotation marks omitted); *Valdez v. Motyka*, 416 F. Supp. 3d 1250, 1255 (D. Colo. 2019) (observing that in *Stewart*, the "Tenth Circuit saw the possibility of public officials abusing *Mitchell* to file appeals of qualified immunity denials, simply to slow down the lawsuit …."). These cautionary words echo the concerns expressed by Justice Brennan in *Forsyth*:

> I fear that today's decision will give government officials a potent weapon to use against plaintiffs, delaying litigation endlessly with interlocutory appeals. The Court's decision today will result in denial of full and speedy justice to those plaintiffs with strong claims on the merits and a relentless and unnecessary increase in the caseload of appellate courts.

472 U.S. at 556 (Brennan, J., concurring in part and dissenting in part).

An appeal is frivolous if the arguments of error are wholly without merit, or there is no jurisdiction over the appeal. *Apostol v. Gallion*, 870 F.2d 1335, 1339 (7th Cir. 1989); *In re George*, 322 F.3d 586, 591 (9th Cir. 2003). If the Court makes a finding of frivolousness, with a reasoned explanation, then it can retain jurisdiction over Ms. Coones's claims against Defendants and set a trial, and Defendants must seek a stay from the appellate court. For the reasons discussed below, this Court should make a finding of frivolousness, as courts in this Circuit have done in other cases. *Bowling v. United States*, 2009 WL 1322583, at *8 (D. Kan. May 11, 2009), *Surat v. Klamser*, 2012 WL 3931225, at *3 (D. Colo. Sept. 2, 2021); *Valdez*, 416 F. Supp. 3d at 1259; *Martinez v. Mares*, 2014 WL 12650970, at *1-4 (D.N.M. Sept. 22, 2014); *Monarque v. City of Rio Rancho*, 2012 WL 13076954, at *1-2 (D.N.M. Apr. 13, 2012).

## II. Defendants' Interlocutory Appeal is Frivolous

Based on the factual determinations made by this Court, Defendants cannot succeed in an interlocutory appeal. Their challenges to this Court's factual determinations for purposes of summary judgment must be resolved by a trial. Nor have Defendants preserved any nonfrivolous arguments regarding whether the constitutional rights at issue were clearly established.

### A. Defendants' Argument for Qualified Immunity is Premised on Disputes of Fact over which the Court of Appeals Has No Jurisdiction

A defendant may not appeal a summary judgment order denying qualified immunity where, as here, that order "determine[d] only a question of 'evidence sufficiency,' *i.e.*, which facts a party may, or may not, be able to prove at trial. This kind of order … is not appealable." *Johnson*, 515 U.S. at 313. A district court's determination that there exists a triable issue of fact cannot be appealed on an interlocutory basis, even when the finding arises in the context of an assertion of qualified immunity. *Id.*; *Behrens*, 516 U.S. at 313. This Court need look no further than Defendants' summary judgement motion and the Court's opinion to determine that Defendants will be raising factual questions on appeal over which the Court of Appeals has no jurisdiction.

In determining whether Defendants Michael and Garrison violated Mr. Coones's clearly established rights under the Fourth and Fourteenth Amendment, the Court concluded that there are genuine disputes of material fact. Dkt. 121 at 30 ("Plaintiff has met her burden of demonstrating that the embezzlement evidence could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict."); *id.* at 31 ("The Court finds that Plaintiff has demonstrated evidence of a Brady violation by Detective Block when this evidence is viewed in the light most favorable to

Plaintiff, together with the embezzlement evidence."); *id.* at 32 ("A reasonable jury could find that the QuikTrip video, standing alone, made a difference because it showed no confrontation between Kathleen and Mr. Coones, which was used as evidence at trial because it occurred two days before her death."); *id.* at 40 ("When viewed in the light most favorable to her, Plaintiff has met her burden of showing that the State lacked arguable probable cause for Mr. Coones' prosecution").

In their summary judgment motion, Defendants asked the Court to accept Defendants' version of disputed material facts. Dkt. 101 at 23-28. For example, one of Plaintiff's claims is that Defendants suppressed evidence that would have shown that Kathleen Schroll (whom Pete Coones was wrongfully convicted of killing) actually killed herself and then framed Coones. Defendants' argument at summary judgment was that they never learned of the exculpatory evidence at issue and that, therefore, summary judgment should be denied. *See* Dkt. 101 at 26 ("Det. Michael and Garrison deny they were told this information at any time before the 1507 proceedings in 2020"). As the Court correctly decided, it could not accept Defendants' version of the facts in answering the qualified immunity question. Dkt. 121 at 32 ("But the Court must view the facts in the light most favorable to Plaintiff."). Any challenge to "evidence sufficiency" does not present a legal question that the Court of Appeals has jurisdiction to review. *Johnson*, 515 U.S. at 313, 319-20. These improper arguments raised in the district court are equally improper in an interlocutory appeal and Defendants have forfeited any new or different arguments that they are entitled to qualified immunity purely as a matter of law.

When it comes to appeals of orders denying summary judgment based on qualified immunity, appellate jurisdiction is limited to arguments raising only legal issues. Fact-

driven arguments are off limits. *See Lowery v. County of Riley*, 522 F.3d 1086, 1091 (10th Cir. 2008). And, critical here, Defendants cannot dodge the jurisdictional bar by couching factual arguments in legal terms:

> where the defendants say that they accept the plaintiff's version of the facts, we will take them at their word and consider their legal arguments in that light. If, however, we detect a back-door effort to contest the facts, we will reject it and dismiss the appeal for want of jurisdiction.

*Jones v. Clark*, 630 F.3d 677, 680 (7th Cir. 2011); *Stinson v. Gauger*, 868 F.3d 516, 525-26 (7th Cir. 2015) (*en banc*) (dismissing qualified immunity interlocutory appeal for lack of jurisdiction because defendants did not view record in light most favorable to plaintiffs, despite claiming otherwise). The hallmark of this back-door maneuver is a defendant asserting qualified immunity without accepting Plaintiff's version of events. *See Stinson*, 868 F.3d at 525-26; *Lowery*, 522 F.3d at 1091-92 (dismissing defendants' qualified immunity interlocutory appeal because defendants did not genuinely accept plaintiff's version of events); *Valdez v. Motyka*, 804 F. App'x 991, 995 (10th Cir. Mar. 20, 2020) (dismissing appeal because defendants challenged evidentiary sufficiency).

That is exactly what we have here. Defendants must attempt to make back-door arguments on appeal because the law surrounding Plaintiff's claims is so well established. *See* Dkt. 121 at 33 ("It was clearly established at the time of the Schroll death investigation that when exculpatory evidence is withheld from the defense it implicates the defendant's due process rights."); *id*. at 34-35 ("To the extent Plaintiff asserts a due process violation based on *Trombetta* for failure to preserve exculpatory evidence, that rule was clearly established in 2008."); *id*. at 36 ("In addition, it was clearly established in 2008 that an investigator could not fabricate evidence in order to secure a showing of probable cause, or a guilty verdict at trial."); *id.* at 44 ("Plaintiff has also demonstrated the second prong of

the qualified immunity analysis on the malicious prosecution claim—that it was clearly established at the time of the investigation.") Defendants argue that, under their version of the facts, no clearly established rights were violated. *See* Dkt. 101 at 34-36. In short, Defendants' appeal is frivolous because the only arguments for which appellate jurisdiction could possibly be obtained are solely based on their view of the facts.

Furthermore, Defendants cannot reframe an improper factual challenge as a question of law. In other words, if Defendants' "assertion that the constitutional right at issue is not clearly established … relies upon" a view of the record favorable to him (which is what they have done in their motion for summary judgment), there is no jurisdiction to review that question. *Ralston*, 884 F.3d at 1066; *see Monarque v. Garcia*, 505 F. App'x 739, 741-42 (10th Cir. Dec. 12, 2012) (dismissing interlocutory qualified immunity appeal for lack of jurisdiction where defendants did not concede facts favorable to plaintiff); *Valdez v. Motyka*, 416 F. Supp. 3d 1250 (D. Colo. 2019) (certifying interlocutory appeal of denial of qualified immunity as frivolous where defendants challenged the facts, despite their assertion otherwise); *Martinez v. Mares*, 2014 WL 12650970, at *2 (D.N.M. Sept. 22, 2014) (certifying interlocutory appeal of denial of qualified immunity as frivolous where the law was clearly established and the defendants simply challenged the conclusions made by the court in reviewing the facts).

### B. Defendants Forfeited Any Purely Legal Argument that the Law Was Not Clearly Established

Defendants' interlocutory appeal is also frivolous because they ignored Plaintiff's Fourteenth Amendment fabrication of evidence claim in their motion for summary judgment, *see* Dkt. 121 at 35 ("The Court agrees with Plaintiff that Defendants' motion is insufficient to trigger invocation of qualified immunity, or otherwise move for summary

judgment, on Plaintiff's fabrication claim."), therefore forfeiting any legal argument about whether the law was clearly established. In Defendants' motion, they failed to make an argument specific to any elements of a fabrication claim. Nor did they acknowledge in their motion that the fabrication claim requires a separate test from the Brady claim. Arguments not made in the district court are forfeited on appeal. *Fuerschbach v. Southwest Airlines Co.*, 439 F.3d 1197, 1209-10 (10th Cir. 2006); *Leffler*, 942 F.3d at 1198. Thus, Defendants' appeal is frivolous because any legal argument they could develop on appeal about whether the law was clearly established has been forfeited.

## CONCLUSION

For the foregoing reasons, Plaintiff Deirdre Coones respectfully requests that Defendants' appeal be certified as frivolous.

Respectfully submitted,

**DEIRDRE COONES**

BY: /s/ Joshua Loevy
*One of Plaintiff's Attorneys*

Joshua Loevy
Jon Loevy (admitted *pro hac vice*)
Russell Ainsworth (admitted *pro hac vice*)
Locke Bowman (admitted *pro hac vice*)
Wallace Hilke (admitted *pro hac vice*)
LOEVY & LOEVY
311 North Aberdeen Street, 3rd Floor
Chicago, IL 60607
(312) 243-5900

Branden A. Bell
Lindsay Runnels
MORGAN PILATE LLC
926 Cherry Street
Kansas City, MO 64106
(816) 471-6694

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I, Joshua Loevy, an attorney, certify that on October 3, 2024, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to counsel of record:

**Attorneys for Defendants**
David R. Cooper, dcooper@fpsslaw.com | Direct 785.286-6609 | Cell 785.633.7545
Charles Branson, cbranson@fpsslaw.com |Direct 785.286.6611 | Cell 785.766-7892
Brian Mauldin, bmauldin@fpsslaw.com | Direct 785.783-6127 | Cell 706.829.6672
Fisher Patterson Sayler & Smith, LLP
3550 SW 5th Street
Tel 785.232.7761

**Attorneys for Defendant Unified Government of Wyandotte County and Kansas City, Kansas**
Joni S. Cole
Unified Government of Wyandotte County/Kansas City, Kansas
Legal Department
701 N. 7th Street, Suite 961
Kansas City, Kansas 66101
Tel: (913) 573-5060 | Fax: (913) 573-5243
jscole@wycokck.org

/s/ Joshua Loevy