## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

DEIRDRE COONES, as executor of the estate
of Olin Coones,

Plaintiff,

v.                                                      Case No. 2:22-cv-02447-JAR

BOARD OF COUNTY COMMISSIONERS OF THE
UNIFIED GOVERNMENT OF WYANDOTTE
COUNTY AND KANSAS CITY, KS, et al.,

Defendants.

---

### Response to *Doc. 126*, Motion to Certify Appeal as Frivolous

The Court ruled on Defendant's motion for summary judgment granting in part and denying in part, denying qualified immunity to defendants Michael and Garrison. *Doc. 121* and *Doc. 122*. Defendants filed a Notice of Appeal from the denial of qualified immunity. *Doc 123*. Plaintiff filed a Motion to Certify the Appeal as Frivolous. *Doc. 126*. Defendants, consistent with this Court's Order, *Doc. 127*, respond. The interlocutory appeal is meritorious and plaintiff's motion should be denied.

### Argument and Authorities

1.      **Standard of Review**

Defendants appeal, pursuant to 28 U.S.C. § 1291, from the denial of qualified immunity as provided by *Mitchell v. Forsyth*, 472 U.S. 511, 524-30 (1985). Denial of the defense of qualified immunity is a final order for purposes of 28 U.S.C. § 1291. *Mitchell*, 472 U.S. at 530. Such an appeal is an appeal from a final judgment under Fed. R. Civ. P. 54(b), which confers jurisdiction upon the Court of Appeals under 28 U.S.C. § 1291.

Under the collateral order doctrine, an appeal that turns "on an issue of law" in the context

of qualified immunity constitutes a viable interlocutory appeal from a final decision. *Mitchell*, 472 U.S. at 530 ("[A] district court's denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is an appealable 'final decision' within the meaning of 28 U.S.C. § 1291 notwithstanding the absence of a final judgment."); *see also Bledsoe v. Vanderbilt*, 934 F.3d 1112, 1117 (10th Cir. 2019) ("[A] district court's decision denying immunity is 'final' within the meaning of 28 U.S.C. § 1291 under the collateral order doctrine." (citing *Mitchell*, 472 U.S. at 524–30)). Thus, appellate courts "have jurisdiction over the district court's denial of ... immunity." Bledsoe, 934 F.3d at 1117 (citations omitted).

The appeal divests the district court of jurisdiction over the case as to issues involved in the appeal—that is, the entitlement of Defendants Michael and Garrison to qualified immunity as to plaintiff's claims of due process violations and malicious prosecution arising from the arrest, charge, conviction and imprisonment of Olin Coones.

> [A] federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.

*Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982).

"Filing a timely notice of appeal pursuant to Fed.R.App.P. 3 transfers the matter from the district court to the court of appeals. [Citation omitted.] The district court is thus divested of jurisdiction. Any subsequent action by it is null and void." *Garcia v. Burlington N. R. Co.*, 818 F.2d 713, 721 (10th Cir. 1987). "When the interlocutory appeal is from … the denial of a motion for summary judgment based on qualified immunity, the central issue in the appeal is the defendant's asserted right not to have to proceed to trial." *Stewart v. Donges*, 915 F.2d 572, 575–76 (10th Cir. 1990). After an interlocutory appeal is taken, the district court retains jurisdiction only as to matters not involved in that appeal. *Id.*, at 576. "[I]n such cases the divestiture of

jurisdiction brought about by the defendant's filing of a notice of appeal is virtually complete" such that the district court retains "jurisdiction only over peripheral matters unrelated to the disputed right not to have [to] defend the ... action at trial." *Id*. This rationale extends to this case. Defendants Michael and Garrison have a right to not defend this action at trial while their appeal is pending.

The risk of abusing interlocutory appeals for qualified immunity are addressed through a mechanism allowing a district court may regain jurisdiction while the interlocutory appeal proceeds if the district court certifies the appeal as "frivolous." *Stewart*, 915 F.2d at 576–78 ("To regain jurisdiction, [the district court] must take the affirmative step of certifying the appeal as frivolous or forfeited, and until that step is taken it simply lacks jurisdiction to proceed with the trial."). To do so, the district court must, after a hearing, find the claim(s) subject to appeal to be frivolous and provide "'substantial reasons.'" *Id., at* 576 (quoting *United States v. Hines*, 689 F.2d 934, 936–37 (10th Cir. 1982)).

"The Tenth Circuit has noted that an interlocutory appeal does not necessarily leave the district court powerless to prevent intentional dilatory tactics by a defendant." *Bowling v. United States*, No. 04-2320-JAR, 2009 WL 1322583, at *4 (D. Kan. May 11, 2009) (citing *Stewart*, 915 F.2d at 576)). "In making its determination" whether an appeal is frivolous, "the district court must conduct a hearing on the issue[.]" Bowling, 2009 WL 1322583, at *4 (citing *Stewart*, 915 F.2d at 576). If the district court discerns a reasoned basis for concluding an appeal is frivolous, it must, to regain jurisdiction, "state those reasons explicitly[.]" *Id*. (citing *Stewart*, 915 F.2d at 576). The plaintiff has the show the defendants' appeal is frivolous *Stewart*, 915 F.2d at 577. If the district court disagrees with the movant and declines to certify the interlocutory appeal as frivolous, the trial automatically is stayed pending decision by the appellate court. *Id*. at 577 ("'In the absence of the district court's reasoned finding of frivolousness or forfeiture ... the trial is automatically put

off[.]'" (quoting *Apostol v. Gallion*, 870 F.2d 1335, 1339 (7th Cir.1989))).

There is no single definition of frivolous applied by the Tenth Circuit which has noted "frivolity, like obscenity, is often difficult to define.'" *Braley v. Campbell*, 832 F.2d 1504, 1511 (10th Cir.1987) (quoting *WSM, Inc. v. Tenn. Sales Co.*, 709 F.2d 1084, 1088 (6th Cir.1983)). "An appeal is frivolous if it is baseless, unfounded, or a sham." *Kickapoo Tribe of Indians of the Kickapoo Reservation in Kansas, et. al. v. Kansas*, Nos. 92–4233–SAC, 92–4234–SAC, 1993 WL 192795, at * 5 (D.Kan. May 19, 1993) (citing *Apostal v. Gallion*, 870 F.2d 1335, 1339 (7th Cir.1989)). The Tenth Circuit has defined a frivolous appeal as one where the result is obvious, or where appellant's arguments are wholly without merit. *Ford v. Pryor*, 552 F.3d 1174, 1180 (10th Cir. 2008) (quoting *Braley v. Campbell*, 832 F.2d 1504, 1510 (10th Cir.1987)); *Wheeler v. Comm'r of Internal Revenue*, 528 F.3d 773, 782 (10th Cir. 2008) ("frivolous if it consists of irrelevant and illogical arguments based on factual misrepresentations and false premises, or when the result is obvious, or the appellant's arguments of error are wholly without merit").

**2.    The Court errored as a matter of law denying qualified immunity to Defendants Michaels and Garrison.**

Under *Trombetta*, a court assesses whether evidence possessed apparent exculpatory value before it was destroyed from the perspective of what the officers knew at the time that they encountered the evidence. *Johnson v. City of Cheyenne*, 99 F.4th 1206, 1228 (10th Cir. 2024). For the Plaintiff's claims of failure to disclose and failure to preserve, the Court here viewed the cumulative impact from the perspective of 20/20 hindsight viewing what happened at trial. *See Doc. 122,* at 28. Negligence by an officer, in failing the apprehend the potential exculpatory value of evidence is not a due process violation by that officer. *Daniels v. Williams*, 474 U.S. 327, 328 (1986). Negligent conduct does not establish the "affirmative abuse of power" necessary to constitute a due process deprivation. *See id*. at 330–32.

**A**      **In evaluating the materiality of Plaintiff's claims the Court improperly included evidence of the withheld forgery report by Detective Block in its legal analysis.**

There is no evidence that Michael or Garrison knew about the report or that they were responsible for withholding it. When evaluating materiality, the Court is not to "consider each piece of withheld evidence in isolation. Rather [the Court] review[s] the cumulative impact of the withheld evidence, its utility to the defense as well as its potentially damaging impact on the prosecution's case." *Fontenot v. Crow*, 4 F.4th 982, 1080 (10th Cir. 2021) (quoting *Simpson v. Carpenter*, 912 F.3d 542, 572(10th Cir. 2018)). The inclusion of the forgery report and attributing Block's failure to turn the report in when analyzing the materiality of evidence against Michaels and Garrison improperly inflated the cumulative effect. The materiality of allegedly withheld evidence with must be restricted to only the embezzlement report and QuikTrip video.

**B.**      **Thus, there was no due process violation by Michael and Garrison because (1) neither piece of evidence was material and (2) there is no evidence Michael and/or Garrison knew the embezzlement report or QuikTrip Video possessed exculpatory value when they encountered that evidence.**

The Court must "assess whether evidence possessed apparent exculpatory value before it was destroyed from the perspective of what the officers knew that the time that they encountered the evidence." *See United States v. Harry*, 816 F.3d 1268, 1277 (10th Cir. 2016) ("[W]e must view the [allegedly exculpatory text] message in light of what Investigator Joe knew when he saw it."). "In most instances," as a well-known treatise has observed, "the character of the evidence and its potential impact will be unclear." 6 Wayne R. LaFave, et al., Criminal Procedure § 24.3(e) (4th ed.), Westlaw (database updated Dec. 2023).

> Under *Trombetta*, "due process ... impose[s] a duty upon the government to preserve evidence ... 'that might be expected to play a significant role in the suspect's defense.' " *United States v. Ludwig*, 641 F.3d 1243, 1253 (10th Cir. 2011) (emphasis added) (quoting *Trombetta*, 467 U.S. at 488–89). "To qualify as constitutionally material in this sense, the evidence must: (1) 'possess an exculpatory value that was apparent [to the police] before the evidence was

destroyed,' and (2) 'be of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means.'" *Id.* (alteration in original) (quoting *Trombetta*, 467 U.S. at 489). Additionally, (3) "if the exculpatory value of the evidence is indeterminate and all that can be confirmed is that the evidence was 'potentially useful' for the defense, then a defendant must show that the government acted in bad faith in destroying the evidence." *United States v. Bohl*, 25 F.3d 904, 910 (10th Cir. 1994) (quoting *Youngblood*, 488 U.S. at 58).

*Johnson v. City of Cheyenne*, 99 F.4th 1206, 1226 (10th Cir. 2024).

Here, the exculpatory value (of the QuikTrip video and/or Jones' evidence of embezzlement) was not apparent to Michael or Garrison. The defense theories that (1) Ms. Schroll committed suicide defense and (2) Ms. Schroll intended to frame Coones for her death was not readily apparent to Michael or Garrison as that defense was not raised until the criminal trial.[1]

There is no evidence that either Michael or Garrison knew of the suicide/framing theories even at trial. Garrison did not testify at the preliminary hearing or at trial; nor is there evidence that Michael was questioned on these theories at either trial. Michael testified at trial and was not questioned about either theory. Likewise, the exculpatory value of the QuikTrip video was not evident—the video could not corroborate or disprove the Blair Hadley's statement of her mother's claimed encounter with Coones. This evidence was not of a nature defendant was unable to obtain by reasonably available means—Jones was available as a witness; the evidence that the QuikTrip video did not show Kathleen Schroll or Pete Coones was available (and was admitted at trial). At best, the evidence from the point of view of Dets. Michael and Garrison, would have been "potentially useful." *Youngblood* requires a showing of bad faith and there is no evidence of bad faith.

---

[1] "Once arriving and seeing how Kathleen had been shot—with a contact wound to the back of the head—then learning of the phone call Kathleen made to Elizabeth, Det. Garrison does not believe it was a murder-suicide." *Doc. 101*, ¶ 8. "Michael believed he was dealing with a double homicide, not a murder-suicide." *Id.*, ¶ 9. Plaintiff's response, *Doc. 115*, did not dispute these facts.

Defendants expressly advanced the argument that defendants were entitled to qualified immunity arguing the law required evidence the police knew of the exculpatory value of the evidence at the time. *Doc. 101*, 22-23 (citing *Youngblood*, 488 U.S. at 56 and noting the lack of evidence "any of the individual defendants knew the materials would have exculpated Pete Coones.").

      **B.**    **The Court failed to properly consider Defendant's legal argument regarding Fabrication. Defendants properly invoked qualified immunity.**

Plaintiff's fabrication argument must find support in the record. Plaintiff admits the van was purposefully hidden in an attempt to secret it from repossession. *See Doc. 101*, p. 5, ¶ 17 ("Pete said his van had been parked behind the house to hide it to avoid repossession."), *Doc. 105*, p. 9, ¶ 48 ("Mr. Coones hid his van behind his house to prevent it from being repossessed.") Michael testified he did not see the van from his vantage point. There is no evidence Michael "knowingly fabricated" evidence in the record as required for the Plaintiff's fabrication claim to proceed. The Court failed to properly apply the plaintiff's burden at the summary judgment stage as there is no support in the record the Michaels was anything other than mistaken, let alone fabricated evidence of the van's whereabouts.

      **C.**    **The Court misapplied the legal standard for personal responsibility of Detectives Michael and Garrison.**

The Court finds a reasonable jury could conclude that detectives conduct went beyond mere negligence because they should have understood the importance of the evidence (embezzlement report, QuikTrip video and KBI expert report). However, this is not the test. The evidence viewed in the light most favorable to the plaintiff indicates, arguably, that the embezzlement report and QuikTrip video were given to Detectives Michaels and Garrison. Defendants acknowledge the factual dispute and that the Court must credit plaintiff version for summary judgment. However, there is no evidence, other than supposition and speculation, that

either Detective Michael or Garrison somehow suppressed the evidence. Plaintiff must find support for their claims in the evidence, and there is none. The Court is only left with the conclusion that the evidence was somehow destroyed or misplaced. Under those facts, the only facts before the Court, the Court must apply the *Trombetta* analysis and determine whether the evidence was material.

> "To qualify as constitutionally material in this sense, the evidence must: (1) 'possess an exculpatory value that was apparent [to the police] before the evidence was destroyed,' and (2) 'be of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means.'" *Id.* (alteration in original) (quoting *Trombetta*, 467 U.S. at 489). Additionally, (3) "if the exculpatory value of the evidence is indeterminate and all that can be confirmed is that the evidence was 'potentially useful' for the defense, then a defendant must show that the government acted in bad faith in destroying the evidence." *United States v. Bohl*, 25 F.3d 904, 910 (10th Cir. 1994) (quoting *Youngblood*, 488 U.S. at 58).

*Johnson v. City of Cheyenne*, 99 F.4th 1206, 1226 (10th Cir. 2024).

Additionally, Garrison is entitled to qualified immunity. A plaintiff must demonstrate that each the individual defendants had direct personal responsibility for the claimed deprivation of constitutional rights under *Brady*, or *Trombetta/Youngblood*, and that the individual acted with the requisite mental state. *Johnson*, 99 F.4th at 1232. Specifically, Plaintiff must show that Garrison herself, acted with deliberate or reckless intent. *Id*. The evidence is clear that Garrison (1) did not prepare the investigative report, (2) did not testify at the preliminary hearing, and (3) did not testify at Coones's trials. Michael and Garrison are entitled to qualified immunity for lack of personal responsibility.

### A. The Court Erred in denying Qualified Immunity to Det Garrison on the matter of Malicious Proescution.

Plaintiff argues that "Defendants Michael and Garrison … lied at the preliminary hearing and withheld critical evidence from the court deciding probable cause." Doc.106 at 29. This is untrue and unsupported by the record. While accurately finding, *factually*, that only Michael testified

wrote a report and only Michael testified (*Doc. 122*, 8 (noting that Michael wrote a report, not Garrison), 14-15 (noting that Michael, not Garrison, testified at the preliminary hearing), 16 (noting that Michael, not Garrison, testified at both trials about the van)), the Court incorrectly concluded that "the ***detectives*** concealed and misrepresented material facts to the judge at the preliminary hearing." *Doc. 122*, 43 (emphasis added). Garrison did not testify at the preliminary hearing or at either of Coones's trials. The Court correctly states that "under Tenth Circuit law, "'the chain of causation is broken by an indictment, absent an allegation of pressure or influence exerted by the police officers, or knowing misstatements made by the officers to the prosecutor.'" *Doc. 122,* at 42 (quoting *Taylor v. Meacham*, 82 F.3d 1556, 1564 (10th Cir. 1996)). There is no evidence of pressure or influence exerted by Garrison nor of any knowing misstatement made by Garrison. *See also Doc. 122*, 14-15 (noting that Michael, not Garrison, testified at the preliminary hearing), 16 (noting that Michael, not Garrison, testified at both trials about the van). Garrison is entitled to qualified immunity as to the malicious prosecution claim in Count II.

## Conclusion

The result of the appeal is not obvious; defendants' "arguments of error are not wholly without merit"; nor are they "baseless, unfounded or a sham." *See Bledsoe v. Bd. of Cnty. Commissioners of Cnty. of Jefferson, Kansas*, No. 16-2296-DDC-JPO, 2021 WL 1840069, at *8 (D. Kan. May 7, 2021). Thus, the Court cannot dismiss the questions Defendants raise in their appeal as frivolous.

Respectfully submitted,

**Fisher, Patterson, Sayler & Smith, LLP**
3550 SW 5th Street | Topeka, Kansas 66606
Tel: (785) 232-7761 | Fax: (785) 232-6604
dcooper@fpsslaw.com | cbranson@fpsslaw.com

**s/David R. Cooper**

**s/Charles E. Branson**

| | |
|---|---|
| David R. Cooper | #16690 |
| Charles E. Branson | #17376 |

*Attorneys for Defendants*

Daniel E. Kuhn, #20429
Unified Government of Wyandotte
 County/Kansas City, Kansas
Legal Department
701 N. 7th Street, Suite 961
Kansas City, Kansas 66101
Tel: (913) 573-5060 | Fax: (913) 573-5243
Email: dkuhn@wycokck.org
*Attorney for Defendants Unified Government of*
*Wyandotte County and Kansas City, Kansas*

**Certificate of Service**

I hereby certify that on October 7, 2024, I caused the foregoing to be electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record:

Joshua L. Loevy | Jonathan Loevy | Russell Ainsworth | Locke Bowman | Wally Hilke
LOEVY & LOEVY | 311 N. Aberdeen Street, 3rd Floor | Chicago, Illinois 60607
Tel: (312) 243-5900 | Fax: (312) 249-5902
joshl@loevy.com
jon@loevy.com
russell@loevy.com
locke@loevy.com
hilke@loevy.com

Brandon A. Bell | Lindsay Runnels
MORGAN PILATE, LLC | 926 Cherry Street | Kansas City, Missouri 64106
Tel: (816) 471-6694 | Fax: (816) 472-3516
bbell@morganpilate.com
lrunnels@morganpilate.com
**Attorneys for Plaintiff**

s/Charles E. Branson