IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DEIRDRE COONES, as executor of the estate
of Olin Coones,

    Plaintiff,

v.                        Case No. 2:22-cv-02447-JAR

BOARD OF COUNTY COMMISSIONERS OF THE
UNIFIED GOVERNMENT OF WYANDOTTE
COUNTY AND KANSAS CITY, KS, et al.,

    Defendants.

**Motion to Reconsider**

Pursuant to D. Kan. R. 7.3(3), Defendants timely moves this Court to reconsider the Memorandum and Order, *Doc. 122*, filed September 30, 2024, to correct clear error. The state law conspiracy claim should be dismissed for the same reason the § 1983 conspiracy claim was dismissed. Also, the Court dismissed the malicious prosecution claims against Defendants Block and Brown (Count II under § 1983 and Count VI under state law). *Doc. 122,* at 2. Further, the Court found no evidence that Block or Brown engaged in conduct that was either intentional or reckless disregard for the Plaintiff. Thus, the state law intentional infliction claim (Count VII) should be dismissed as well.

**Nature of the Case**

Plaintiff Deirdre Coones, as Executor of the Estate of Olin Coones, brings this action asserting federal civil rights claims and state law tort claims against Defendants Board Of County Commissioners of the Unified Government of Wyandotte County and Kansas City, Kansas ("Board"); Unified Government of Wyandotte County and Kansas City, Kansas ("Unified

{T0484537}        1

Government"); William Michael; Angela Garrison; Sergeant G. Dorsett; Bryan Block; Susan Brown; and Detective Sanchez. Plaintiff's claims arise out of her deceased husband, Olin Coones' wrongful conviction for murder.

Plaintiffs allege various claims of relief under 42 U.S.C. § 1983 and state law. The Court ruled on Defendant's motion for summary judgment granting in part and denying in part. Defendants file the present motion for reconsideration of the Court's denial of summary judgement on Count IX (state law civil conspiracy) as to all defendants, and on Count VII (intentional infliction claim) as to defendants Block and Brown.

## Argument and Authorities

**Standard of Review**

A motion to reconsider is created by local rule. *See* D.Kan., Rule 7.3; *see also Benedictine Coll., Inc. v. Century Off. Prod., Inc.*, 866 F. Supp. 1323, 1326 (D. Kan. 1994). A motion to reconsider is appropriate to correct clear error or when the court has misapprehended the applicable law. D.Kan. Rule 7.3(3); *Anderson v. United Auto Workers,* 738 F.Supp. 441, 442 (D.Kan. 1990).

"[E]very order short of a final decree is subject to reopening at the discretion of the district judge." Fed. R. Civ. P. 54(b), *Logsdon v. United States Marshal Serv.*, 91 F.4th 1352, 1361 (10th Cir. 2024) (internal citations and quotations omitted). "[A] district court always has the inherent power to reconsider its interlocutory rulings" prior to the entry of final judgment. *Spring Creek Expl. & Prod. Co., LLC v. Hess Bakken Inv., II, LLC*, 887 F.3d 1003, 1023–24 (10th Cir. 2018), *as revised* (Apr. 13, 2018) (cleaned up). When considering a motion of this type, "the district court is not bound by the strict standards for altering or amending a judgment encompassed in Federal Rules of Civil Procedure 59(e) and 60(b)," which govern a district court's reconsideration of its final judgments *Id*. at 1024.

I.     **The Plaintiffs failed to establish evidence of a state law conspiracy claim sufficient to survive summary judgment.**

Plaintiffs allege conspiracy by Defendant under § 1983 and under state law. For § 1983 the Court found Plaintiffs had sufficiently alleged a deprivation of constitutional rights on due process and malicious prosecution claims. *Doc. 122,* at 48. The Court goes on to analysis the elements of the § 1983 claim and finds Plaintiffs failed to point to any evidence in the record to support the claim that Detectives Michael and Garrison acted in concert to withhold evidence from Mr. Coones. The court further points out that Plaintiffs "wholly fails to address any … evidence … to support this claim against Defendants Block and Brown". *Doc 122*, at 49. Concluding "the Court cannot find that Plaintiff has met her burden on summary judgment of showing that the individual officers acted in concert and had a meeting of the minds or a general conspiratorial objective when they deprived Mr. Coones of his constitutional rights. Accordingly, Defendants' motion for summary judgment on the conspiracy claim in Count IV is granted." *Id.* at 49.

Defendant likewise opposed the Plaintiff's state law conspiracy claims. Defendant argued in its brief argued under state law a civil conspiracy requires a finding that 1) "a civil conspiracy requires an underlying tort that is independent of the conspiracy, and 2) a civil conspiracy claim requires a "meeting of the minds in the object or course of action" of the conspiracy. *Doc. 101*, at 39. The Court incorrectly stated "[d]efendants move for summary judgment on Plaintiff's state law conspiracy claim *on the sole basis* that Plaintiff cannot show there is an underlying tort independent of the conspiracy". *Doc 122*, at 55 (emphasis added). Defendants, however, incorporated their federal conspiracy arguments and stated:

> Under Kansas law, a civil conspiracy requires an underlying tort that is independent of the conspiracy. *Reams v. City of Frontenac*, 587 F. Supp. 3d 1082, 1104 (D. Kan. 2022). *Further, a civil conspiracy claim requires a "meeting of the minds in the object or course of action" of the conspiracy*, Mid-Continent Anesthesiology, 504 P.3d at 1084. As with Count IV, *supra*, there is no underlying tort ***nor is there evidence of an agreement or meeting of the minds to commit a tort***.

Doc 101 at page 39 (emphasis added)

> The Court in its analysis of the Federal conspiracy claim correctly points outs that: Plaintiff's only argument on the agreement component of her conspiracy claim is that a reasonable jury could conclude that Detectives Garrison and Michael acted in concert to withhold exculpatory evidence from Mr. Coones. But Plaintiff wholly fails to point the Court to evidence in the record on which she relies for this proposition, and she wholly fails to address any of the evidence she relies on to support this claim against Defendants Block and Brown. The mere fact that Defendants "engaged in '[p]arallel action … does not necessarily indicate an agreement to act in concert.'" *Frazier*, 992 F.3d at 1025 (alteration and omission in original) (quoting *Brooks*, 614 F.3d at 1228). *Accordingly, the Court cannot find that Plaintiff has met her burden on summary judgment of showing that the individual officers acted in concert and had a meeting of the minds or a general conspiratorial objective when they deprived Mr. Coones of his constitutional rights.*

*Doc 122,* at 49 (emphasis added).

In denying summary judgment on the state law conspiracy claim, the Court found only that the Plaintiffs demonstrated an issue of material fact as to her malicious prosecution and intentional infliction of emotional distress claims. The Court made no finding that plaintiffs presented any evidence of a meeting of the minds as required by the law. For the same reason the Court granted summary judgment on the § 1983 conspiracy claims, the Court should grant summary judgment on the state law conspiracy claim.

## II. The Court Errored in not granting Block and Brown summary judgment as to Count VII Intentional Infliction of Emotional Distress

The Court found no evidence demonstrating either personal participation or intent on behalf of Detective Block and Brown in the constitutional claims by Plaintiffs. Further the Court found no evidence about Brown's role in withholding or failing to preserve any evidence. *Doc 122*, at 37. Brown never testified at any hearing or trial. Under Kansas law, an intentional infliction of emotional distress claim has four elements: (1) conduct of defendant must be intentional or in reckless disregard of the plaintiff, (2) conduct must be extreme and outrageous, (3) there must be a causal connection between the defendant's conduct and the plaintiff's mental distress, and (4)

plaintiff's mental distress must be extreme and severe. *Bolden v. PRC Inc.*, 43 F.3d 545, 553 (10th Cir. 1994) (citations omitted). The Court found evidence in the light most favorable to the Plaintiff that Det's Michaels and Garrison fabricated inculpatory evidence and withheld exculpatory evidence. However, inconsistent with the Court findings on the constitutional allegations, the Court included Det's Block and Brown for purpose of Count VII. Summary judgment should be afforded to Block and Brown because the Court has previously held there is no evidence demonstrating either personal participation or intent on behalf of Detective Block and Brown in the constitutional claims by Plaintiffs and therefore there is no evidence that Block or Brown engaged in conduct that was either intentional or reckless disregard for the Plaintiff.

Respectfully submitted,

**Fisher, Patterson, Sayler & Smith, LLP**
3550 SW 5th Street | Topeka, Kansas 66606
Tel: (785) 232-7761 | Fax: (785) 232-6604
dcooper@fpsslaw.com | cbranson@fpsslaw.com

**s/David R. Cooper**
**s/Charles E. Branson**
David R. Cooper                                      #16690
Charles E. Branson                                   #17376
*Attorneys for Defendants*

Daniel E. Kuhn, #20429
Unified Government of Wyandotte
   County/Kansas City, Kansas
Legal Department
701 N. 7th Street, Suite 961
Kansas City, Kansas 66101
Tel: (913) 573-5060 | Fax: (913) 573-5243
Email: dkuhn@wycokck.org
*Attorney for Defendants Unified Government of Wyandotte County and Kansas City, Kansas*

## Certificate of Service

I hereby certify that on October 7, 2024, I caused the foregoing to be electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record:

Joshua L. Loevy | Jonathan Loevy | Russell Ainsworth | Locke Bowman | Wally Hilke
LOEVY & LOEVY | 311 N. Aberdeen Street, 3rd Floor | Chicago, Illinois 60607
Tel: (312) 243-5900 | Fax: (312) 249-5902
joshl@loevy.com
jon@loevy.com
russell@loevy.com
locke@loevy.com
hilke@loevy.com

Brandon A. Bell | Lindsay Runnels
MORGAN PILATE, LLC | 926 Cherry Street | Kansas City, Missouri 64106
Tel: (816) 471-6694 | Fax: (816) 472-3516
bbell@morganpilate.com
lrunnels@morganpilate.com
**Attorneys for Plaintiff**

                s/Charles E. Branson