IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DEIRDRE COONES, as executor of the
estate of Olin Coones,

    Plaintiff,

v.

BOARD OF COUNTY COMISSIONERS
OF THE UNIFIED GOVERNMENT OF
WYANDOTTE COUNTY AND KANSAS
CITY KANSAS, WILLIAM MICHAEL,
ANGELA GARRISON, BRYAN BLOCK,
and SUSAN BROWN,

    Defendants.

Case No. 2:22-CV-2447-JAR-TJJ

Hon. Julie A. Robinson

## **PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO RECONSIDER [129]**

    Defendants have asked the Court to reconsider its summary judgment decision as to two of Plaintiff's claims: state-law conspiracy against all Defendants and state-law intentional infliction of emotional distress against Defendants Block and Brown. Plaintiff is willing to voluntarily dismiss his state-law conspiracy claim (Count IX) and thus does not oppose the motion on that ground. However, Defendants offer no reason to reconsider the Court's decision on Count VII (intentional infliction of emotional distress) as to Defendants Block and Brown.

    In their motion for summary judgment, Defendants contested only the extreme and outrageous prong of Plaintiff's intentional infliction of emotional distress claim.. They contended that "[t]he Officers' conduct was not 'beyond the bounds of decency' nor was it 'utterly intolerable in a civilized society,'" and that, therefore, Plaintiff could not demonstrate that the defendant's conduct was extreme and outrageous or that Mr. Coones suffered extreme emotional

1

distress. Dkt. 101 at 38. That was Defendants' only argument for summary judgment on the claim. Defendants did not contest whether Plaintiff could prove intentional or reckless conduct.

This Court properly denied summary judgment as to Plaintiff's intentional infliction of emotional distress claim. As the Court noted, Defendants failed to offer any analysis of the elements of Plaintiff's claim or why the Defendants' conduct did not create a material issue of fact. Dkt. 122 at 54-55. Further, as the Court recognized, "Plaintiff has submitted evidence that the law enforcement officers fabricated inculpatory evidence and withheld exculpatory evidence," which a jury could find extreme and outrageous. *Id.* at 55.

Defendants now contend that the Court should have reached a different result on the intentional infliction of emotional distress claim for Defendants Brown and Block than for Defendants Michael and Garrison. But Defendants never distinguished the roles of each Defendant Officer or the evidence against each such Defendant in their initial motion for summary judgment. Instead, Defendants asked the Court to consider the Officers' conduct collectively. Dkt. 101 at 38. It is too late, on a motion to reconsider, to ask the Court to consider new arguments. *Sump v. Fingerhut, Inc.*, 208 F.R.D. 324, 327 (D. Kan. 2002) ("[A] motion to reconsider should be denied unless it clearly demonstrates manifest error of law or fact or presents newly discovered evidence." (cleaned up)). Defendants failed to present arguments in their initial motion that Block and Brown lacked the prerequisite intent to hold them liable for intentional infliction of emotional distress. Even now, Defendants argue only that because the Court did not find personal participation or intent by Block or Brown in the constitutional claims, the Court must grant summary judgment on the intentional infliction of emotional distress claim. Dkt. 129 at 5. Here, as in Defendants' initial motion, Defendants have not explained why the intent requirement of the intentional infliction of emotional distress claim is the same as in

Plaintiff's constitutional tort claims. Even if they had, Defendants failed to make the argument in their initial motion and cannot raise it now. There is no need to shadowbox with these unpreserved and undeveloped arguments, and the motion to reconsider should therefore be denied as to Plaintiff's intentional infliction of emotional distress claims against Brown and Block.

Respectfully submitted,

**DEIRDRE COONES**

BY: /s/ Joshua Loevy
*One of Plaintiff's Attorneys*

Joshua Loevy
Jon Loevy (admitted *pro hac vice*)
Russell Ainsworth (admitted *pro hac vice*)
Locke Bowman (admitted *pro hac vice*)
Wallace Hilke (admitted *pro hac vice*)
LOEVY & LOEVY
311 North Aberdeen Street, 3rd Floor
Chicago, IL 60607
(312) 243-5900

Branden A. Bell
Lindsay Runnels
MORGAN PILATE LLC
926 Cherry Street
Kansas City, MO 64106
(816) 471-6694

*Attorneys for Plaintiffs*