IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DEIRDRE COONES, as Executor of the Estate of Olin Coones,<br><br>      Plaintiff,<br><br>      v.<br><br>BOARD OF COUNTY COMMISSIONERS OF THE UNIFIED GOVERNMENT OF WYANDOTTE COUNTY AND KANSAS CITY, KANSAS, ET AL.,<br><br>      Defendants. | Case No. 22-2447-JAR |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff Deirdre Coones' Motion to File *Instanter* Deposition Designations for Use of Trial (Doc. 155), to which Defendants have filed a response. In her motion, Plaintiff seeks permission to submit the deposition designations of Michael Kobe and Casey Meyer out of time. For the reasons discussed below, the Court grants Plaintiff's motion.

**I.    Casey Meyer**

Defendants designated Casey Meyer as their Rule 30(b)(6) witness, and Plaintiff deposed her on a range of topics relevant to Plaintiff's *Monell* claim. Plaintiff intends to call Meyer as a live witness at trial and asserts that Defendants objected to Meyer being called to testify at trial in lieu of Plaintiff presenting her deposition testimony. In their response to this motion, Defendants do not address Meyer, much less object to her live testimony.

Despite failing to address this issue in the response, the Court acknowledges that Defendants filed an objection to Plaintiff including Meyer on her witness list on the basis that Rule 30(b)(6) does not permit a party to call a corporate designee to testify live at trial absent personal knowledge. Defendants fail to proffer sufficient information at this stage for the Court

to conclude that Plaintiff intends to elicit information about which Meyer lacks personal knowledge as required by Fed. R. Civ. P. 602. And Plaintiff has not had an opportunity to reply.

Accordingly, Plaintiff may call Meyer as a live witness without need of submitting designated portions of her deposition testimony. To the extent the parties dispute the scope of that testimony, they should raise that issue with the Court at the motion in limine hearing, or through contemporaneous objections at trial.

## II.   Michael Kobe

Plaintiff did not depose Michael Kobe but seeks to offer designated portions of his deposition testimony on a range of topics relevant to Plaintiff's *Monell* claim. Defendants object for several reasons: (1) Plaintiff should have taken action sooner as Plaintiff should have been aware of Kobe's unavailability for trial—he is 75 years old and lives in Texas, more than 100 miles away; (2) Kobe's testimony is inadmissible speculation, opinion and hearsay; (3) the jury needs to evaluate Kobe's credibility through live testimony; and (4) this presents an unfair surprise to Defendants.

Plaintiff seeks to designate, out of time, portions of Kobe's deposition testimony in *McIntyre v. Unified Government of Wyandotte County & Kansas City, Kansas*,[1] in which he testified about the Unified Government's "policy, practice or custom of unconstitutional misconduct in felony investigations," relevant to that plaintiff's *Monell* claim.[2] The *McIntyre* case was also a § 1983 case based on plaintiff McIntyre's wrongful conviction for murder. The *Monell* claims in the *McIntyre* case and this case are similar. Defendants in this case do *not* object to the admission of Kobe's deposition testimony in this case on the basis that it was given

---

[1] No. 18-2545-KHV (D. Kan.).

[2] *McIntyre v. Unified Gov't of Wyandotte Cnty. & Kansas City, Kansas*, No. 18-2545-KHV, 2020 WL 1028303, at *32 (D. Kan. Mar. 3, 2020).

2

in another case. Indeed, the Tenth Circuit considers it a bedrock rule "that testimony adduced in a prior suit may be admissible in a subsequent suit even if the parties are not identical, so long as the issues are so similar that the party-opponent in the prior case had the same interest and motives in his cross-examination that the present opponent has."[3] Defendant Unified Government had the same interests and motives in cross-examining Michael Kobe in the *McIntyre* case it does in this case; both cases involve *Monell* claims alleging that the Unified Government had a policy, practice or custom of unconstitutional misconduct in felony investigations.

Defendants complain that Plaintiff seeks to designate the deposition testimony from *McIntyre* past the discovery deadline of February 2, 2024, and that Plaintiff should have known long before now that Kobe lives more than 100 miles away and is 75 years old. But Plaintiff timely disclosed Kobe as a trial witness and intended to call him to testify at trial despite his age and residence, until learning from a news article that Kobe has stage four cancer and is in hospice care. The news article was published on July 15, 2024; Plaintiff does not state when she became aware of the news article.

Defendants argue that Plaintiff fails to show cause for her delay in designating Kobe's deposition and that this has caused them unfair surprise. The Court disagrees. Sometime on or after July 15, 2024, Plaintiff learned of Kobe's health problems and the unlikelihood that he would be able to travel to Kansas City for trial. Plaintiff learned this after the discovery deadline had passed, and thus, after the deadline to depose him. Furthermore, Defendants have not been unfairly surprised for several reasons. First, they were on notice that Kobe was a potential trial

---

[3] *Minyen v. Am. Home Assurance Co.,*, 443 F.2d 788, 791 (10th Cir. 1971) (discussing *Insul-Wool Insulation Corp. v. Home Insulation, Inc.*, 176 F.2d 502 (10th Cir. 1949)).

witness. Second, they were the party-opponent in the *McIntyre* litigation and are on notice and in possession of Kobe's deposition transcript. Indeed, in their response to this motion, Defendants detail their many evidentiary objections to excerpts of Kobe's deposition. Third, although this motion to designate Kobe's deposition testimony was filed on October 18, eleven days after the October 7, 2024 deadline for designating depositions, the Court will provide the parties with an extension of time to object, counter-designate, and object to counter-designations of Kobe's testimony. Now that the trial date of November 4, 2024 is necessarily continued or perhaps vacated,[4] there is ample time for Plaintiff to designate Kobe's deposition and for Defendants to counter and/or object to the designated testimony.

Although Defendants object that the jury needs to hear Kobe's testimony in trial so that it can evaluate his credibility, that is not a reasonable option given Kobe's dire health condition. So long as the designated portions of Kobe's deposition meet the parameters and requisites of Fed. R. Civ. P. 32(a), his deposition will be admitted. He is more than 100 miles away, he is unable to travel, and likely unable to sit for a new deposition. Although live testimony is always preferable, the rules provide for testimony by deposition in these circumstances.

Finally, although Defendants' response raises numerous objections to Kobe's testimony, the Court declines to entertain these objections until the parties have followed the process directed in paragraph I(d) of the Trial Order,[5] using the following extended deadlines:

- Plaintiff shall file Kobe deposition designations by November 22, 2024;

---

[4] Defendants filed a motion to reconsider the summary judgment order, and a notice of appeal from the denial of qualified immunity in the summary judgment order. Docs. 123, 129. Until the Court has an opportunity to rule on Defendants' motion to reconsider Plaintiff's motion to certify the interlocutory appeal as frivolous, trial cannot proceed. Further, if the Court denies Plaintiff's motion to certify the interlocutory appeal as frivolous, the Court will not be able to set a trial date until the Tenth Circuit decides the appeal.

[5] Doc. 120.

- Defendants shall file any objections and counter-designations by November 29, 2024;

- Plaintiff shall file any objections to counter-designations by December 6, 2024;

- After the parties have conferred in good faith, Plaintiff shall submit a highlighted deposition transcript to the Court by December 20, 2024, in accordance with the procedure set forth in the Trial Order.[6]

In summary, the Court grants this motion, allowing Plaintiff to present the live testimony of Casey Meyer and allowing Plaintiff to present the deposition testimony of Michael Kobe, following the process outlined in the Trial Order and with the extended deadlines provided in this Order.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to File *Instanter* Deposition Designation for Use at Trial (Doc. 155) is **granted**.

**IT IS SO ORDERED.**

Dated: November 14, 2024

S/ Julie A. Robinson<br>
JULIE A. ROBINSON<br>
UNITED STATES DISTRICT JUDGE

---

[6] *Id.* at 3.