IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **DEIRDRE COONES, Executor of the Estate of Olin Coones,**<br><br>**Plaintiff,**<br><br>v.<br><br>**UNIFIED GOVERNMENT OF WYANDOTTE COUNTY/KANSAS CITY, KANSAS BOARD OF COUNTY COMMISSIONERS, et al.,**<br><br>**Defendants.** | Case No. 22-2447-JAR |

## MEMORANDUM AND ORDER

Plaintiff Deirdre Coones, as Executor of the Estate of Olin Coones, brings this action asserting federal civil rights claims and state law tort claims against Defendants Board Of County Commissioners of the Unified Government of Wyandotte County and Kansas City, Kansas ("Board"); Unified Government of Wyandotte County and Kansas City, Kansas ("Unified Government"); William Michael; Angela Garrison; Bryan Block; and Susan Brown. Plaintiff's claims arise out of her deceased husband Olin Coones' wrongful conviction for the murder of Kathleen Schroll. Before the Court is Defendants' Motion to Reconsider (Doc. 129) two rulings in the Court's September 30, 2024 Memorandum and Order granting in part and denying in part summary judgment ("September 30 Order"). The motion is fully briefed and the Court is prepared to rule. As described more fully below, the Court grants Defendants' motion to reconsider.

**I.    Background**

The Court's September 30 Order set forth in detail the Court's reasons for granting in part and denying in part summary judgment on Plaintiff's many federal and state claims for

relief. The Court incorporates by reference the background from that Order and assumes the reader is familiar with the facts. In the Pretrial Order, Plaintiff alleged the following claims for relief under 42 U.S.C. § 1983 against Defendants in their individual and official capacities: (1) Count I—Due Process Violation based on fabricating and suppressing evidence; (2) Count II—Malicious Prosecution and Unlawful Pretrial Detention; (3) Count III—Failure to Intervene; and (4) Count IV—Conspiracy. Plaintiff alleges the following claims under Kansas law: (1) Count V—Indemnification; (2) Count VI—Malicious Prosecution; (3) Count VII—Intentional or Reckless Infliction of Emotional Distress; (4) Count VIII—Negligent Infliction of Emotional Distress; (5) Count IX—Civil Conspiracy; and (6) Count X—Respondeat Superior Liability against the Board and the Unified Government.

After considering the evidence and arguments presented by the parties,[1] the Court granted summary judgment to Defendants Block and Brown on the § 1983 individual-capacity claims in Count I; to all remaining Defendants on the § 1983 individual-capacity claims in Counts III and IV; to all Defendants on the § 1983 official-capacity claim in Count IV; and to Defendants the Board and Unified Government on the state law claims asserted in Counts V and X. The Court otherwise denied Defendants' motion for summary judgment.

## II. Standard

Defendants move to reconsider under D. Kan. Rule 7.3:

> Except for motions under Fed. R. Civ. P. 59(e) or 60, parties seeking reconsideration of a court order must file a motion within 14 days after the order is served unless the court extends the time. A motion to reconsider must be based on:
>     (1) an intervening change in controlling law;
>     (2) the availability of new evidence; or

---

[1] Plaintiff voluntarily dismissed her claims against Defendants Dorsett and Sanchez, her malicious prosecution claims against Defendants Block and Brown (Counts II and VI), and her negligent infliction of emotional distress claim in its entirety (Count VIII).

2

> (3) the need to correct clear error or prevent manifest injustice.

A motion to reconsider should not be used as "a second chance for the losing party to make its strongest case or to dress up arguments that previously failed."[2] And it is "not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing."[3]

Defendants also cite Fed. R. Civ. P. 54(b), which provides that "any order or other decision, however designated, that adjudicates fewer than all the claims . . . may be revised at any time before the entry of a judgment adjudicating all the claims." When considering an "interlocutory" motion under Rule 54(b), "'the district court is not bound by the strict standards for altering or amending a judgment encompassed in Federal Rules of Civil Procedure 59(e) and 60(b),' which govern a district court's reconsideration of its final judgments."[4] Such a motion is left to the court's discretion.[5]

## II.   Discussion

Defendants move to reconsider the Court's September 30 Order to the extent it denied summary judgment on Counts VII and IX, arguing: (1) Plaintiff failed to establish sufficient evidence in support of the state law conspiracy claim alleged in Count IX; and (2) the Court erred by not granting summary judgment to Defendants Block and Brown on the state law claim for intentional infliction of emotional distress alleged in Count VII.

---

[2] *Ward v. Wesley Med. Ctr., LLC*, No. 23-1091-HLT-BGS, 2024 WL 989880, at *2 (D. Kan. Mar. 7, 2024) (quoting *Voelkel v. Gen. Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan. 1994), *aff'd*, 43 F.3d 1484 (10th Cir. 1994)).

[3] *Id.* (quoting *Paliwoda v. Showman*, No. 12-2740-KGS, 2014 WL 11517806, at *1 (D. Kan. Sept. 30, 2014)).

[4] *Spring Creek Expl. & Prod. Co. v. Hess Bakken Inv., II, LLC*, 887 F.3d 1003, 1024 (10th Cir. 2018), *as revised* (Apr. 13, 2018) (quoting *Fye v. Okla. Corp. Comm'n*, 516 F.3d 1217, 1223 n.2 (10th Cir. 2008)).

[5] *Id.*

On Count IX, Plaintiff voluntarily agrees to dismiss this claim. Thus, Defendants' motion to reconsider the Court's ruling as to Count IX is granted and the state law conspiracy claim is dismissed.

On Count VII, Defendants argue that the Court improperly imputed evidence about Defendants Michael and Garrison's conduct to Defendants Block and Brown. Defendants point to the Court's rulings on the federal due process claim, in which it found insufficient evidence to support the intent required on that claim by Block and Brown, and argue that the same findings require a favorable ruling on the intentional infliction of emotional distress claim. Plaintiff responds that this is a new argument that was not raised in the original motion, and that Defendants fail to demonstrate that the standard used on the federal due process claims is the same as the intentional infliction of emotional distress claim.

The Court agrees with Plaintiff that this is a new argument that was not raised below. Defendants' only argument in its opening brief was that "[t]he Officers' conduct was not 'beyond the bounds of decency' nor was it 'utterly intolerable in a civilized society.'"[6] This Court disagreed, ruling that when viewing the evidence in the light most favorable to Plaintiff, law enforcement officers fabricated inculpatory evidence and withheld exculpatory evidence that led to Mr. Coones' wrongful conviction for the murder of Kathleen Schroll, causing him to spend more than ten years wrongfully imprisoned. Defendants made no attempt to distinguish between the different Defendants' conduct, nor did they make any arguments about the individual Defendants' intent—a different element of the claim.

Nonetheless, the Court is not prohibited from considering Defendants' new argument on this motion given that it is reviewing an interlocutory order. Although it was not clearly

---

[6] Doc. 101 at 38.

4

erroneous for the Court to fail to consider an argument that Defendants did not make, the Court will exercise its discretion to consider whether its rulings were inconsistent on Block and Brown's intent.

On the due process claim, the Court found that Plaintiff submitted evidence in support of her claim that the individual Defendants withheld and failed to preserve certain exculpatory evidence, and that Michael fabricated evidence about Mr. Coones' van not being at his home on the morning of the Schrolls' deaths. Plaintiff is also required to demonstrate on this § 1983 claim that the individual defendants had "'direct personal responsibility for the claimed deprivation of [Mr. Coones'] constitutional right[s]' under *Brady*, or *Trombetta/Youngblood*,"[7] and that "they acted with the requisite mental state."[8] Specifically, Plaintiff must show that the officers acted "with deliberate or reckless intent."[9] Applying this standard to Block and Brown, the Court found:

> [T]here is no evidence demonstrating either personal participation on these issues or intent on behalf of Detectives Block and Brown. There is no evidence about Brown's role in withholding or failing to preserve any of this evidence. Block was originally assigned to the elder abuse investigation and passed along information to the homicide detectives about that. But there is no evidence that he made an affirmative decision to withhold the KBI Report from the homicide investigative file. Thus, the Court finds that summary judgment is warranted on these claims as to Detectives Block and Brown.[10]

Under Kansas law, an intentional infliction of emotional distress claim has four elements: "(1) conduct of defendant must be intentional or in reckless disregard of the plaintiff, (2) conduct

---

[7] *Johnson v. City of Cheyenne*, 99 F.4th 1206, 1232 (10th Cir. 2024) (emphasis omitted) (second alteration in original) (quoting *Porro v. Barnes*, 624 F.3d 1322, 1327 (10th Cir. 2010)).

[8] *Id.*

[9] *Id.* (collecting cases).

[10] Doc. 121-1 at 37.

5

must be extreme and outrageous, (3) there must be a causal connection between the defendant's conduct and the plaintiff's mental distress, and (4) plaintiff's mental distress must be extreme and severe."[11]  There are two threshold requirements that the court must determine: (1) whether "the defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery"; and (2) whether "the emotional distress suffered by the plaintiff is so extreme the law must intervene because no reasonable person would be expected to endure it."[12]

The Court did not consider the intent element of this claim in its September 30 Order because Defendants failed to move on that element.  The Court considers it now in light of its findings on the due process claim, which also requires that each defendant's conduct be intentional or in reckless disregard of Plaintiff.  For the same reasons cited by the Court on the due process claim, the Court agrees with Defendants that the summary judgment record, when viewed in the light most favorable to Plaintiff, does not demonstrate intentional or reckless conduct by Block or Brown.

The summary judgment record supports that both detectives handled the elder abuse investigation of Mr. Coones' father that preceded the Schrolls' deaths.  During this investigation, a Kansas Bureau of Investigation ("KBI") document examiner reviewed 120 checks purportedly signed by Pete Coones Senior, and found "strong indications" that all but three may not have been authored by him.  This report lists Kathleen Schroll's name as the suspect.  There is evidence that Mr. Coones' defense attorney, Patricia Kalb, requested exculpatory information from Block and Brown but that this report was not produced to her before his trial.  In its

---

[11] *Bolden v. PRC Inc.*, 43 F.3d 545, 553 (10th Cir. 1994) (citations omitted).

[12] *Id.* (quoting *Roberts v. Saylor*, 637 P.2d 1175, 1179 (Kan. 1981)).

September 30 Order, the Court specifically found that there was no evidence that Brown had knowledge of the existence of the KBI Report when Kalb requested it.

It was also undisputed that the KBI report was not included in the Schroll death investigation case file with the other documents from that investigation. Instead, Detective Block placed it in his personal file. Kalb spoke to detective Block before trial, and he did not mention sending checks to the KBI or the KBI report itself. But he did testify at trial that Kathleen drained Pete Coones Senior's bank account when she worked for him. The Court found that Plaintiff fell short of demonstrating intentional or reckless conduct by Block on the due process claim.

Because Plaintiff argued on summary judgment that the same conduct that forms the basis of the due process claim—withholding and fabricating evidence—forms the basis of the intentional infliction claim, the Court agrees with Defendants that its intent ruling on the two claims should be consistent. The Court therefore reconsiders its summary judgment ruling on Count VII, and grants summary judgment in favor of Defendants Block and Brown.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendants' Motion to Reconsider (Doc. 129) is **granted**. The motion to reconsider is **granted** as to the state law conspiracy claim, and **Count IX is dismissed with prejudice**. The motion to reconsider is **granted** as to Defendants Block and Brown on the intentional infliction of emotional distress claim in Count VII.

**IT IS SO ORDERED.**

Dated: November 14, 2024

S/ Julie A. Robinson<br>
JULIE A. ROBINSON<br>
UNITED STATES DISTRICT JUDGE