## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

DEIRDRE COONES, as executor of the estate
of Olin Coones,

Plaintiff,

v.                                                          Case No. 2:22-cv-02447-JAR

BOARD OF COUNTY COMMISSIONERS OF THE
UNIFIED GOVERNMENT OF WYANDOTTE
COUNTY AND KANSAS CITY, KS, et al.,

Defendants.

### Motion to Reconsider

Pursuant to D. Kan. R. 7.3(3), Defendants timely move this Court to reconsider the Memorandum and Order, Doc. 178, filed March 31, 2026, to correct clear error and prevent manifest injustice.

### Nature of the Case

Plaintiff Deirdre Coones, as Executor of the Estate of Olin Coones, brings this action asserting federal civil rights claims and state law tort claims against Defendants Board of County Commissioners of the Unified Government of Wyandotte County and Kansas City, Kansas ("Board"); Unified Government of Wyandotte County and Kansas City, Kansas ("Unified Government"); William Michael; Angela Garrison; Sergeant G. Dorsett; Bryan Block; Susan Brown; and Detective Sanchez. Plaintiff's claims arise out of her deceased husband, Olin Coones' wrongful conviction for murder.

This Court denied the detectives' motion for summary judgment on qualified immunity as to Plaintiff's due process and malicious prosecution claims and also denied the Unified

1

Government's motion for summary judgment on claims asserting municipal liability. The Tenth Circuit affirmed this Court's decisions on qualified immunity and dismissed the Unified Government's appeal for lack of pendent appellate jurisdiction. The case is now on remand for trial with a trial date set for October 16, 2026. Now that the trial date from remand is set, the Court has ruled on the parties' motions in limine.

**Argument and Authorities**

**Standard of Review**

A motion to reconsider is created by local rule. *See* D. Kan., Rule 7.3; *see also Benedictine Coll., Inc. v. Century Off. Prod., Inc.*, 866 F. Supp. 1323, 1326 (D. Kan. 1994). A motion to reconsider is appropriate to correct clear error or prevent manifest injustice. D. Kan. Rule 7.3(3); It is also appropriate if the court has misapprehended the law or mistakenly decided issues outside of those parties presented for determination. *Anderson v. United Auto Workers,* 738 F. Supp. 441, 442 (D. Kan. 1990).

"[E]very order short of a final decree is subject to reopening at the discretion of the district judge." Fed. R. Civ. P. 54(b), *Logsdon v. United States Marshal Serv.*, 91 F.4th 1352, 1361 (10th Cir. 2024) (internal citations and quotations omitted). "[A] district court always has the inherent power to reconsider its interlocutory rulings" prior to the entry of final judgment. *Spring Creek Expl. & Prod. Co., LLC v. Hess Bakken Inv., II, LLC*, 887 F.3d 1003, 1023–24 (10th Cir. 2018), *as revised* (Apr. 13, 2018) (cleaned up). When considering a motion of this type, "the district court is not bound by the strict standards for altering or amending a judgment encompassed in Federal Rules of Civil Procedure 59(e) and 60(b)," which govern a district court's reconsideration of its final judgments *Id*. at 1024.

The Tenth Circuit has explained that a "clear error of judgment" can mean that the district court's decision that was "arbitrary, capricious, whimsical, or manifestly unreasonable ...." *Wright*

*ex rel. Tr. Co. of Kan. v. Abbott Labs., Inc.*, 259 F.3d 1226, 1235–36 (10th Cir. 2001) (internal quotation marks and citations omitted). Additionally, "internally inconsistent findings constitute clear error." *United States v. Garcia*, 936 F.3d 1128, 1139 (10th Cir. 2019).

The Tenth Circuit has not defined "manifest injustice" in this or Rule 59(e) contexts, but courts in the district of Kansas have "described the term to mean direct, obvious, and observable error." *Gorenc v. Proverbs*, 447 F. Supp. 3d 1110 (D. Kan. 2020) (quoting *Hadley v. Hays Med. Ctr.*, No. 14-1055-KHV, 2017 WL 748129, at *2 (D. Kan. Feb. 27, 2017) (additional internal quotation marks and citations omitted)); *Layne Christensen Co. v. Bro-Tech Corp.*, No. 09-2381-JWL-GLR, 2011 WL 6934112 (D. Kan. Dec. 30, 2011) (stating that Tenth Circuit has not defined "manifest injustice" within context of motions to consider). In an unpublished opinion, this Court stated that a party claiming manifest injustice in a motion to reconsider must show that it is "apparent to the point of being indisputable." *United States v. Carter*, No. 16-20032-02-JAR, 2019 WL 329573 (D. Kan. Jan. 25, 2019).

## I. Although Plaintiff's due process claims are preserved, Plaintiff forfeited and/or waived argument on seven of the underlying due process issues.

This Court's decision on due process issues abandoned by Plaintiff addresses only claims and not the underlying issues that relate to those claims. In particular, the Court agreed with the argument in Plaintiff's Response that she did not abandon her due-process claims referenced in the motion in limine. *See* Doc. 157 at 2-3; Doc. 178 at 19. But Defendants' due process argument referred to claims or issues and stated that "plaintiff abandoned several issues in their summary judgment briefing." Doc. 136 at 4. Thus, Defendant's argument was that these issues of fact should be deemed forfeit because they were not addressed in Plaintiff's Response to Defendant's motion for summary judgment.

Defendants' position that Plaintiff is permitted to introduce evidence about the embezzlement, the expert report about the checks, and the Quik Trip video confirms that Defendants' position was narrow as to the *issues* not addressed by Plaintiff. It is not merely evidence in support of a claim that Defendant moved to exclude, but issues that were not argued in Plaintiff's Response to Defendants' Motion for Summary Judgment.

The Court further stated that the Tenth Circuit had observed on appeal that the pretrial order stated the parties' claims in general terms and that it should be liberally construed to cover legal or factual theories embraced by its language. But even though the pretrial order is given a liberal construction, Defendants' motion in limine was specifically addressed to issues that Plaintiff did not address in its Response.

The same standard that the Tenth Circuit applied to Defendant's Motion for Summary Judgment arguments applies to Plaintiff's Response, not the standard applied to pretrial matters. The Tenth Circuits comments about liberally construing the pretrial order do not apply here because Defendants' motion in limine was directed to arguments not made in Response to Defendant's Motion for Summary Judgment. In the same decision, the Tenth Circuit stated that the "few scattered references to the fabrication claim" made in Defendant's Motion for Summary Judgment did not raise any summary judgment arguments as to that claim and that it was therefore not preserved. *Coones v. Bd. of Cnty. Commissioners of Unified Gov't of Wyandotte Cnty./Kansas City, Kansas*, 166 F.4th 1 (10th Cir. 2026).

And while this Court needed only to find evidence of withholding, failure to preserve, and/or fabricating evidence for the claim to survive summary judgment, the same is not true as to the underlying issues supporting the claim. Abandonment of an issue is often dispositive to the claims, but an issue need not be dispositive of the claims for an issue to be deemed abandoned.

*See e.g.*, *Eateries, Inc. v. J.R. Simplot Co.*, 346 F.3d 1225 (10th Cir. 2003) ("A party forfeits an *issue* it does not support with 'legal authority or argument.'(emphasis added)").

Plaintiff's "discussion" of some of these issues included no references whatsoever to Defendants' arguments and only reiterate certain factual positions. Based on Plaintiff's assertion that it had discussed other issues, Doc. 157 at 2, the Court noted that Plaintiff "discussed the other evidence, as well." Doc. 178 at 19. Plaintiff's responses originally referred to entries at paragraphs 27-33 (gunshot residue); 14-17, 70 (Schroll marital tension); 49, 77-79 (Minks alibi); and 16-17, 39-43, 56 (KCKPD witness interviews) of its Response in Opposition to Summary Judgment. Doc. 157 at 2 (citing Doc. 106). Each of these "discussion" points were found in Plaintiff's statement of facts. Plaintiff did not argue these points. More importantly, the statements that Plaintiff referred to do not actually address the issues as presented.

First, the statements in the "gunshot residue" section do not have any facts supporting the causal link component of the allegation that Defendants Michael and Garrison caused the gun shot residue swabs to not be tested in connection with the trial. Doc. 106 at 27-33. Plaintiff made no counter arguments as to the fact that the GSR test was not available for testing to the KCKPD in 2008 or 2009. Doc. 101 at 26. Merely mentioning that Defendant Michael oversaw the investigation does not support or refute a causation conclusion. Second, the "Schroll martial tension" section was also abandoned for similar reasons. Defendants' argument was that there was no evidence that the information in the prosector statements that Plaintiff relied on were related to Michael, Garrison, Block and/or Brown. None of the paragraphs cited by Plaintiff refute this and Plaintiff made no counter arguments. *See* Do. 106 at ¶ 14-17, 70. Plaintiff repeated the same facts without addressing Defendants' argument.

Third, the references to a written statement by Ross Minks that would have corroborated Coones' alibi were irrelevant to the Defendants' arguments. In the Motion for Summary Judgment, Defendant argued that Minks did not take advantage of opportunities to speak with the police, that there was no statement to provide to the defense, that Minks relied on the advice of Coones' attorney, and that Minks testified on behalf of the defense in both trials. Doc. 101 at 23-24. Plaintiff's cited paragraphs only refer to what Minks was doing, that he heard Mr. Coones using the computer in his room until he went to sleep, that Mr. Coones would have had to pass Minks to leave the house, and that Mr. Coones woke up Minks to obtain keys to access his own vehicle. Doc. 106 at ¶¶ 49, 77-79. None of these facts addressed the issue raised by Defendant.

Fourth, the KCKPD witness interview section cited by Plaintiff did not address Defendants' argument and commentary that handwritten notes were routinely destroyed after a report was prepared and pertinent information from notes placed in report. *See* Doc. 106 ¶¶ 16-17, 39-43, 56. Plaintiff's cited paragraphs note that there were documented interviews conducted by Defendants Michael and Garrison and that Defendant Michael had no explanation why his report did not state certain facts (including those about Kathleen's embezzlement). So, although "witness interviews" were mentioned, there is no discussion of the issue raised by Defendant.

As this Court recognized in footnote 34 of its order, materiality is not at issue here. [1] Accordingly, the quote from *Fontenot v. Crow*, 4 F.4th 982, 1080 (10th Cir. 2021) regarding a court's review of the cumulative impact of withheld evidence is not applicable here.

In sum, if the Court's decision on the due process claim issues were to stand, it would be a clear error because the Court's decision is internally consistent as to how it analyzes Plaintiff's

---

[1] Because Fed. R. Evid. 401 was not raised, this Court declined to address it. Relevant evidence is material and probative. Accordingly, materiality is not at issue.

evidentiary arguments (claim versus issue), it is not consistent with how the Tenth Circuit analyzed the responsiveness to evidentiary issues on appeal, and it would unfairly endorse Plaintiff continuing to take positions that it abandoned on the issues. On the other hand, reversing the decision on Defendants' motion in limine will prevent manifest injustice. It is clear and beyond dispute that Plaintiff did not argue these issues in her response to Defendants' Motion for Summary Judgment.

## II.    The Court erred in its *Monell* evidentiary analysis

Defendant did not fail to proffer evidence as to the *Monell* motion to exclude arguments. The Court found Plaintiff's *Monell* evidence highly probative but admitted it anyway based on its view that Defendants failed to proffer the specific evidence that Defendants wished to exclude. Doc. 178 at 24-28. The Court also declined to find evidence about Golubski so prejudicial that it substantially outweighed the probative value in the case. *Id.*

However, Defendants' motion in limine referred to plaintiff having introduced no evidence that any policymaker was aware of misconduct by an officer, let alone who recklessly disregarded that misconduct. Doc. 136 at 12-13. Defendant also pointed out that without a tie to a policymaker's actual knowledge, a municipality could not be found liable under a ratification theory. Accordingly, when Defendants said "inclusion of such evidence at trial" would be prejudicial to the Defendant officers, Defendants were referring to *any* evidence that specific officers who are not policymakers (and who can therefore not be ratifiers) had knowledge of alleged misconduct. *See id.*

Plaintiff has stated that there is admissible evidence that Golubski's misconduct was known to the Chief of Police. But the evidence that Plaintiff relies on merely states that "[t]he Chief of Police is the person with final policymaking authority," and that the Chief of Police knew that Golubski liked young black women. *See* Doc. 157 at 11 (citing Doc. 122 at 25 (that Golubski liked

young black women) and Doc. 157-1 (that the Chief of Police was the final policymaker).

The reason that Defendants' motion in limine may have appeared to fail to proffer specific evidence regarding what Defendants wished to exclude is that Plaintiff injected ambiguity into Defendants' motion with Plaintiff's response by misconstruing it. The *Monell* evidence that Defendants sought to exclude are (1) the Chief's irrelevant and highly prejudicial statements that have nothing to do with which policies the Chief endorsed, and (2) highly confusing testimony as to what *non-policymakers* knew about Golubski's actions. These two categories of evidence only appear as broad as they do now because of how Plaintiff has construed them in her Response to Defendant's motion in limine. This evidence is highly prejudicial because it would "mislead the jury and likely cause them to make a finding based on the alleged actions of Golubski as opposed to basing their decision on the actions of Defendant officers Michael and Garrison." Doc. 136 at 13.

Failing to exclude this evidence is clear error because it is not consistent with the facts in evidence or the parties' positions. It would also be manifest injustice to include this evidence because of exactly how prejudicial this evidence is. If the Court were led astray by Plaintiff's deflections, then a jury would also be misled, as it does not have the learned expertise that this Court has.

Respectfully submitted,

**Fisher, Patterson, Sayler & Smith, LLP**
3550 SW 5th Street | Topeka, Kansas 66606
Tel: (785) 232-7761 | Fax: (785) 232-6604
dcooper@fpsslaw.com | cbranson@fpsslaw.com
dsloan@fpsslaw.com

**s/Daniel C. Sloan**

| | |
|---|---|
| David R. Cooper | #16690 |
| Charles E. Branson | #17376 |
| Daniel C. Sloan | #29193 |

*Attorneys for Defendants*

Daniel E. Kuhn, #20429
Unified Government of Wyandotte
  County/Kansas City, Kansas
Legal Department
701 N. 7th Street, Suite 961
Kansas City, Kansas 66101
Tel: (913) 573-5060 | Fax: (913) 573-5243
Email: dkuhn@wycokck.org
*Attorney for Defendants Unified Government of*
*Wyandotte County and Kansas City, Kansas*

9

**Certificate of Service**

I hereby certify that on April 14, 2026, I caused the foregoing to be electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record:

Joshua L. Loevy | Jonathan Loevy | Russell Ainsworth | Locke Bowman | Wally Hilke
LOEVY & LOEVY | 311 N. Aberdeen Street, 3rd Floor | Chicago, Illinois 60607
Tel: (312) 243-5900 | Fax: (312) 249-5902
joshl@loevy.com
jon@loevy.com
russell@loevy.com
locke@loevy.com
hilke@loevy.com

Brandon A. Bell | Lindsay Runnels
MORGAN PILATE, LLC | 926 Cherry Street | Kansas City, Missouri 64106
Tel: (816) 471-6694 | Fax: (816) 472-3516
bbell@morganpilate.com
lrunnels@morganpilate.com
**Attorneys for Plaintiff**

s/Daniel  C. Sloan

10