**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| DEIRDRE COONES, as executor of the estate of Olin Coones, ) | ) |
| Plaintiff, ) | Case No. 2:22-cv-2447-JAR-TJJ |
| v. ) | Hon. Julie A. Robinson |
| BOARD OF COUNTY COMMISSIONERS OF THE UNIFIED GOVERNMENT OF WYANDOTTE COUNTY AND KANSAS CITY, KS, *et al.*, ) | Magistrate: Hon. Teresa J. James |
| Defendants. ) | JURY TRIAL DEMANDED |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO RECONSIDER**

Defendants ask this Court to reconsider its well-reasoned decisions on the parties'

motions *in limine*. Dkt. 178. Because there is no basis to do so, much less "clear error

or…manifest injustice," Plaintiff, by and through her attorneys, respectfully asks this Court to

deny Defendants' motion.

**BACKGROUND**

This case arises from Olin "Pete" Coones's wrongful conviction and imprisonment for

crimes he did not commit. The parties briefed summary judgment, Dkt. 101; 106; 115; 119, and

following this Court's order, Dkt. 121, were set to go to trial on Plaintiff's due process claims

related to Defendants' suppression and fabrication of evidence, as well as Plaintiff's *Monell*

claim. Defendants then filed an interlocutory appeal. Dkt. 123. Following the resolution of

Defendants' appeal, this Court, after reviewing the parties' motions *in limine*, issued a well-

reasoned decision on each motion. Dkt. 178.

1

Defendants now ask this Court to reconsider its decision on Defendants' motion *in limine* number 1, focused on supposed "due process issues abandoned by Plaintiff," as well as this Court's ruling on Defendants' motion *in limine* number 3, about *Monell* evidence. Dkt, 180. Because this Court is obviously familiar with the issues raised in the parties' motions *in limine*, as well as its own decision on those issues, Plaintiff does not rehash them here. Suffice to say that the Court's decisions on Defendants' motion *in limine* No. 1, Dkt. 178 at 17-19, as well as on Defendants' motion *in limine* No. 3, Dkt. 178 at 24-28, are well-reasoned and correct. There is no basis for reconsideration.

## ARGUMENT

Defendants must clear an extraordinarily high bar to succeed on their motion to reconsider. Defendants must establish that there is "(1) an intervening change in the controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice." D. Kan. Rule 7.3. It is inappropriate to, as Defendants do, use motions to reconsider to "revisit issues already addressed." *Gorenc v. Proverbs*, 447 F.Supp.3d 1110, 1113 (D. Kan. Mar. 23, 2020).  Instead, a motion to reconsider is appropriate only when "the court has obviously misapprehended a party's position or the facts or the law, or the court has mistakenly decided issues outside of those the parties presented for determination." *Tersiner v. Union Pacific R. Co.*, 743 F.Supp. 1463, 1463 (D. Kan. Aug. 6, 1990).  Defendants do not argue that there has been an intervening change in the controlling law or that there is any new evidence. Instead, Defendants rehash arguments they have already made in support of their argument that this Court must "correct clear error or prevent manifest injustice." Defendants must show that this Court's decision was "arbitrary, capricious, whimsical, or manifestly unreasonable," or that the Court made a "direct, obvious, and observable error." *Gorenc*, 447 F.Supp.3d at 1110 (internal

2

quotations omitted) (quoting *Wright ex rel. Tr. Co. of Kan. v. Abbott Labs, Inc.*, 259 F.3d 1226, 1236-36 (10th Cir. 2001) and *Hadley v. Hays Med. Ctr.*, 2017 WL 748129 at *2 (D. Kan. Feb. 27, 2012)). Neither the Court's decision on Plaintiff's due process evidence or Plaintiff's *Monell* evidence can be described as "arbitrary, capricious, whimsical, or manifestly unreasonable," or constitutes "observable error." *Id.* For the following reasons, this Court should deny Defendants' motion.

### I.    This Court Correctly Denied Defendants' Motion *in Limine* Regarding Due Process Evidence

In their motion to reconsider, Defendants regurgitate the argument that Plaintiff "abandoned" issues in her summary judgment briefing, and that certain "issues of fact should be deemed forfeit because they were not addressed" in Plaintiff's response to Defendants' motion for summary judgment. Dkt. 180 at 3.

But Defendants—again—confuse Plaintiff's *claims* with certain pieces of *evidence*. To put it simply: Plaintiff has due process claims and those due process claims are supported by various pieces of evidence, as outlined in the Pretrial Order. At summary judgment, Plaintiff continued to pursue her due process claims by referring to specific pieces of evidence, primarily three categories of evidence, among others. Dkt. 178 at 18. Defendants again seek to bar Plaintiff from referencing other categories of relevant evidence because she did not directly address them in connection with her due process claims at summary judgment.

As recognized by this Court, Defendants' argument is baseless. While it is true that if Plaintiff did not pursue a specific claim at summary judgment it might be deemed forfeited, there is no rule requiring—nor can Defendants point to one—that Plaintiff mention each and every

piece of *evidence* that supports her claim at summary judgment.[1] As this Court properly recognized, the fact that Plaintiff did not tie every category of evidence to her due process claims, does not "preclude their admission as evidence at trial," because as long as "the listed evidence is relevant to Plaintiff's due process claims, it is admissible." Dkt. 178 at 19.

Defendants simply misunderstand the role of summary judgment. Summary judgment is to determine what claims go to trial—not what evidence may be used to prove those claims. The evidence Defendants seek to bar is, as described in Plaintiff's Response to Defendants' motions *in limine*, directly relevant to her due process claims and therefore admissible. Dkt. 157 at 2-3. Indeed, even if the categories of evidence Defendants point to did not support Plaintiff's due process claim, that evidence might still be relevant and admissible at trial for other purposes. *See, for example, United States v. Tunkara*, 385 F. Supp. 2d 1119, 1121 (D. Kan. 2005) ("the *in limine* exclusion of evidence should be reserved for those instances when the evidence plainly is 'inadmissible on all potential grounds.'"), quoting *Townsend v. Benya*, 287 F.Supp.2d 868, 872 (N.D.Ill. 2003); *Locke v. City of Choctaw, Okla.*, 2020 WL 1867008 at * 13 (W.D. Okla. Apr. 14, 2020) ("The fact that some of the claims plaintiff has attempted to plead are time-barred does not necessarily mean that the facts underlying those claims are not admissible in evidence."); *Robinson v. Village of Matteson*, 1999 WL 1270685, at *2 (N.D. Ill. Dec. 23, 1999) (admitting evidence of how the plaintiff was treated, despite the fact that the evidence had been unsuccessfully used to support independent claims against defendants, because "the dismissal of

---

[1] The only case cited by Defendants in support of their argument here is wholly inapposite. *See Eateries, Inc. v. J.R. Simplot Co.*, 346 F.3d 1225, 1232 (10th Cir. 2003). In *Eateries*, the Tenth Circuit found that a party waived a "superficial argument" on appellate review because they had not provided "any record citations or legal authority in support of its argument." Here, Plaintiff supported her due process claims at summary judgment with ample record citations and legal authority.

a claim for relief under § 1983 does not mean that all evidence which formed the basis for such a claim is inadmissible"); *Hobley v. Burge*, 2006 WL 1308628, at \*3 (N.D. Ill. May 9, 2006); *Hill v. City of Chicago*, 2011 WL 3205304, at \*4 (N.D. Ill. July 28, 2011) ("the dismissal of Hill's *Brady* claim does not necessarily mean that all evidence that formed the basis of his *Brady* claim is inadmissible").

Ultimately, there is no support for Defendants' position that whole categories of evidence should be barred, just because Plaintiff did not explicitly mention each and every one in connection with her due process claims at summary judgment. The Court was certainly not "arbitrary" or "capricious," in denying Defendants' motion in the first instance and Defendants' motion to reconsider should be denied too.

## II.    This Court was Correct to Deny Defendants' Motion *in Limine* Regarding *Monell* Evidence

Defendants flatly misrepresent this Court's decision on *Monell* evidence in their motion to reconsider. Defendants state that the only reason the Court admitted Plaintiff's *Monell* evidence is because the Court found that "Defendants failed to proffer the specific evidence that Defendants wished to exclude." Dkt. 180 at 7. Defendants then attempt to re-do their earlier briefing, specifying the evidence they seek to exclude. *Id.* at 8.

But this Court was clear that while Defendants' lack of specificity was one reason the Court could deny Defendants' motion, the Defendants also failed "to acknowledge that the *Monell* evidence about Golubski is based on the fact that he was the defendant detectives' supervisor during the Schroll investigation." Dkt. 178 at 26. Defendants *again* fail to address this in their motion to reconsider. Dkt. 180 at 7-8.

5

The Court provided a thorough analysis on the *Monell* evidence. Dkt. 178 at 24-28. The Court acknowledged Plaintiff's presentation of evidence showing that Golubski was directly involved in the Schroll investigation, and that the policymaker, the Chief of Police, was aware of Golubski's misconduct. This evidence, as the Court noted, is "highly probative," as to Plaintiff's *Monell* claim. Dkt. 178 at 27. Defendants do not address this reality. And Defendants now complain again—in two throwaway sentences—that Plaintiff's *Monell* evidence is prejudicial. Dkt. 180 at 7-8. But this Court considered this argument, reasoning that the danger of prejudice must substantially outweigh the probative value and concluding that it did not. Dkt. 178 at 27-28.

There is nothing about this Court's ruling on Defendants' motion *in limine* that is "manifestly unreasonable," or constitutes "observable error." Defendants are simply rehashing the arguments they made in their initial motion *in limine*. There is no basis for this Court to reconsider its decision on Plaintiff's *Monell* evidence.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendants' motion to reconsider.

Respectfully submitted,

**DEIRDRE COONES**

BY**:** /s/ Joshua Loevy
*One of Plaintiff's Attorneys*

Joshua Loevy
Jon Loevy (admitted *pro hac vice*)
Russell Ainsworth (admitted *pro hac vice*)
Locke Bowman (admitted *pro hac vice*)
LOEVY & LOEVY
311 North Aberdeen Street, 3rd Floor
Chicago, IL 60607

6

(312) 243-5900

Branden A. Bell
Lindsay Runnels
MORGAN PILATE LLC
926 Cherry Street
Kansas City, MO 64106
(816) 471-6694

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I, Joshua Loevy, an attorney, certify that on June 13, 2026, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to counsel of record:

**Attorneys for Defendants**
David R. Cooper, dcooper@fpsslaw.com | Direct 785.286-6609 | Cell 785.633.7545
Charles Branson, cbranson@fpsslaw.com |Direct 785.286.6611 | Cell 785.766-7892
Brian Mauldin, bmauldin@fpsslaw.com | Direct 785.783-6127 | Cell 706.829.6672
Fisher Patterson Sayler & Smith, LLP
3550 SW 5th Street
Tel 785.232.7761

**Attorneys for Defendant Unified Government of Wyandotte County and Kansas City, Kansas**
Joni S. Cole
Unified Government of Wyandotte County/Kansas City, Kansas
Legal Department
701 N. 7th Street, Suite 961
Kansas City, Kansas 66101
Tel: (913) 573-5060 | Fax: (913) 573-5243
jscole@wycokck.org

/s/ Joshua Loevy

7