**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**DEIRDRE COONES, as Executor of the Estate of Olin Coones,**
**Plaintiff,**

**v.**

**BOARD OF COUNTY COMMISSIONERS OF THE UNIFIED GOVERNMENT OF WYANDOTTE COUNTY/KANSAS CITY, KANSAS, et al.,**

**Defendants.**

**Case No. 22-2447-JAR**

**MEMORANDUM AND ORDER**

Plaintiff Deirdre Coones, as Executor of the Estate of Olin Coones, brings this action asserting federal civil rights claims and state law tort claims against Defendants Board of County Commissioners of the Unified Government of Wyandotte County and Kansas City, Kansas ("the Board"); Unified Government of Wyandotte County and Kansas City, Kansas ("Unified Government"); William Michael; and Angela Garrison. Plaintiff's claims arise out of the wrongful conviction of her deceased husband, Olin Coones, for the murders of Carl and Kathleen Schroll ("Carl" and "Kathleen"). The remaining claims in this case are set for trial on October 19, 2026. On March 31, 2026, the Court issued a Memorandum and Order ruling on the parties motions *in limine*.[1] Now before the Court is Defendants' Motion to Reconsider (Doc. 180) two of the Court's rulings in that March 31 Order. The motion is fully briefed, and the Court is prepared to rule. For the reasons explained below, Defendants' motion to reconsider is denied.

[1] Doc. 178.

## I. Standard

Defendants move to reconsider under D. Kan. Rule 7.3:

> Except for motions under Fed. R. Civ. P. 59(e) or 60, parties seeking reconsideration of a court order must file a motion within 14 days after the order is served unless the court extends the time. A motion to reconsider must be based on:
>
> (1) an intervening change in controlling law;
> (2) the availability of new evidence; or
> (3) the need to correct clear error or prevent manifest injustice.

A motion to reconsider should not be used as "a second chance for the losing party to make its strongest case or to dress up arguments that previously failed."[2] Defendants move to reconsider by arguing for the need to correct clear error or prevent manifest injustice. To show clear error, Defendants must demonstrate that the Court's decision was "an arbitrary, capricious, whimsical, or manifestly unreasonable judgment."[3] Judges in this district have described manifest injustice to mean "direct, obvious, and observable error."[4]

The Court is also mindful that an *in limine* "ruling is subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the [movant's] proffer. Indeed even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling."[5]

---

[2] *Ward v. Wesley Med. Ctr., LLC*, No. 23-1091-HLT-BGS, 2024 WL 989880, at *2 (D. Kan. Mar. 7, 2024) (quoting *Voelkel v. Gen. Motors Corp*., 846 F. Supp. 1482, 1483 (D. Kan. 1994), *aff'd*, 43 F.3d 1484 (10th Cir. 1994)).

[3] *Wright ex rel. Tr. Co. of Kan. v. Abbott Lab'ies, Inc.*, 259 F.3d 1226, 1236 (10th Cir. 2001) (quoting *Brown v. Presbyterian Healthcare Servs.*, 101 F.3d 1324, 1331 (10th Cir. 1996)).

[4] *Gorenc v. Proverbs*, 447 F. Supp. 3d 1110, 1113 (D. Kan. 2020) (quoting *Hadley v. Hays Med. Ctr.*, No. 14-1055-KHV, 2017 WL 748129, at *2 (D. Kan. Feb. 27, 2017)).

[5] *Luce v. United States*, 469 U.S. 38, 41–42 (1984).

## III. Discussion

Defendants ask the Court to reconsider its Court's March 31, 2026 Order to the extent it denied two of their motions in limine: (1) their motion to deem certain due-process issues abandoned based on the summary-judgment briefing; and (2) their motion to exclude Plaintiff's evidence in support of the official-capacity claims that are not sufficiently tied to a Unified Government policymaker. The Court addresses each in turn.

### A. Due-Process Issues

#### 1. Background

Defendants moved for summary judgment on the due-process claims alleged in Count 1, including a claim that Defendants withheld evidence in violation of *Brady v. Maryland*.[6] In the factual contentions section of the Pretrial Order, Plaintiff provided a list of evidence she claims was withheld in violation of Mr. Coones' due-process rights, and Defendants separately addressed each one in their motion for summary judgment.[7] In response to Defendants' motion for summary judgment, Plaintiff focused on three of the ten items of evidence that Defendants addressed in their motion: Kathleen Schroll's embezzlement, the KBI expert report about Coones Senior's checks during an earlier elder-abuse investigation, and the QuikTrip surveillance video. Plaintiff also asserted that Detective Michael fabricated his claim that Mr. Coones' van was not in his driveway the morning after the Schrolls died. The Court considered each of Plaintiff's due-process claims—withholding, failure to preserve, and fabrication—and ultimately denied qualified immunity to Detectives Michael and Garrison under all of the applicable due-process formulations. The Tenth Circuit affirmed on interlocutory appeal.

[6] 373 U.S. 83 (1963).

[7] Doc. 96 at 8.

In the motion in limine, Defendants moved to exclude due-process "issues" they claim Plaintiff abandoned on summary judgment. They assert that, by not separately responding to each piece of evidence referenced in the Pretrial Order and addressed in the summary-judgment motion, Plaintiff abandoned those issues and should be prohibited from introducing evidence about them at trial. The Court denied the motion. The Court explained that the Pretrial Order does not set out separate and independent due-process claims based on each piece of evidence listed in the factual contention section, so such claims were not abandoned at summary judgment. The Court explained that it only needed to find evidence of withholding, failure to preserve, and/or fabricating evidence under the applicable legal standards in order for Plaintiff's due-process claim to survive summary judgment. And because the Court did not grant summary judgment in favor of Defendants on their due-process claims, excluding evidence in support of those claims was not warranted.

**2. Basis for Reconsideration**

Defendants ask the Court to reconsider on the basis that it misconstrued their two-paragraph motion in limine as pertaining to due-process "claims" rather than abandoned due-process "issues." Although Defendants agree that Plaintiff did not abandon her due process claims, they argue that the Court should still deem certain issues abandoned. Defendants urge that "[i[t is not merely evidence in support of a claim that Defendant moved to exclude, but issues that were not argued in Plaintiff's Response to Defendants' Motion for Summary Judgment."[8] Plaintiff responds that Defendants' motion misunderstands the function of summary judgment, as compared to a motion *in limine*, and that the Court did not err in declining

[8] Doc. 180 at 4.

to find that Plaintiff abandoned these issues by not separately addressing them in the summary-judgment response. The Court agrees with Plaintiff.

Under Fed. R. Civ. P. 56(a), "[a] party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought." Defendants Michael and Garrison moved for summary judgment on their qualified-immunity defense to the individual capacity § 1983 claims. Thus, to survive summary judgment on those claims, Plaintiff only needed to meet its burden of proof on the qualified-immunity defense as to each due-process formulation in order for those claims to survive and go to trial.

In ruling on the summary judgment motion, the Court recited the qualified immunity standard and the elements of a *Brady* violation. It then explained that it would "confine[] its analysis to the *evidence* discussed in Plaintiff's summary judgment response—Kathleen's embezzlement and financial distress, the check forging report, and the detectives' review of the QuikTrip video."[9] The Court did not deem the evidence that was not separately addressed by Plaintiff as forfeited or abandoned.

Defendants moved to reconsider the Court's summary-judgment order on other grounds, but they did not ask the Court to deem these "issues" forfeited.[10] Instead, Defendants filed a motion in limine. "'A motion *in limine* is a request for guidance by the court regarding an evidentiary question,' which the court may provide at its discretion to aid the parties in formulating trial strategy."[11] Thus, in ruling on the motion in limine, the Court properly

[9] Doc. 121-1 at 28 (emphasis added).

[10] Doc. 129.

[11] *Jones v. Stotts*, 59 F.3d 143, 146 (10th Cir. 1995) (quoting *United States v. Luce*, 713 F.2d 1236, 1239 (6th Cir.1983), *aff'd*, 469 U.S. 38 (1984)); *see also Wilkins v. Kmart Corp.*, 487 F. Supp. 2d 1216, 1218 (D. Kan. 2007) ("A motion in limine presents the trial court with the opportunity 'to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial.'" (quoting *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996))).

considered whether a pretrial evidentiary ruling was appropriate excluding the seven evidentiary issues identified in Defendants' motion in limine.[12] The Court denied the motion, finding that the evidence was not abandoned at summary judgment, and that it was admissible to the extent it was relevant to the due-process claims set for trial.[13] This was not error, nor did it result in manifest injustice.

The decisions cited in Defendants' motion to reconsider are inapposite. Three of Defendants' cases discuss whether a plaintiff's failure to address *claims* on summary judgment rendered them abandoned.[14] By Defendants' own admission, that is not the scenario here because these were not separate claims. Indeed, as the Court explained in its March 31 Order, they were not set forth as separate claims in the Pretrial Order, which the Court must liberally construe.[15] And two of Defendants' cases discuss appellate waiver—whether the appellant sufficiently raised an issue in order to trigger appellate review.[16] Appellate waiver rules do not

---

[12] *See* Doc. 136 at 4.

[13] The Court observed that for purposes of the materiality element of the withholding claim, it should not look at the withheld evidence in isolation, but instead consider "the cumulative impact of the withheld evidence, its utility to the defense as well as its potentially damaging impact on the prosecution's case." *Fontenot v. Crow*, 4 F.4th 982, 1080 (10th Cir. 2021) (quoting *Simpson v. Carpenter*, 912 F.3d 542, 572 (10th Cir. 2018)). Thus, although Defendants did not move to exclude this evidence under Fed. R. Evid. 401 or 402, the Court looks to this standard in determining relevance to the issue of materiality.

[14] *McCowan v. City of Philadelphia*, 603 F. Supp. 3d 171, 192–93 (E.D. Pa. 2022) ("The question then, is whether Plaintiffs abandoned that *claim* by not raising it in their opposition to summary judgment." (emphasis added)); *Clark v. Thomas*, 505 F. Supp. 2d 884, 896 (D. Kan. 2007) (finding that the plaintiff abandoned 42 U.S.C. § 1983 *claims* based on Fifth and Fourteenth Amendment violations by failing to respond to Defendants arguments or otherwise oppose summary judgment on such claims); *Berroth v. Farm Bureau Mut. Ins.*, 232 F. Supp. 2d 1244, 1246 n.2 (D. Kan. 2002) (finding that the plaintiff abandoned a retaliation *claim* by failing to respond to a summary judgment motion on that claim).

[15] *Coones v. Bd. of Cnty. Comm'rs of Unified Gov't of Wyandotte Cnty./Kansas City, Kan.*, 166 F.4th 1, 18 (10th Cir. 2026) (explaining that the "pretrial order stated the parties' claims in general terms," thus, it "should be liberally construed to cover any of the legal or factual theories that might be embraced by its language").

[16] *Palzer v. CoxCom, LLC*, 833 F. App'x 192, 199 (10th Cir. 2020) ("Palzer does not challenge those rulings on appeal and has therefore abandoned any arguments he might have made by not briefing them."); *Eateries, Inc. v. J.R. Simplot Co.*, 346 F.3d 1225, 1232 (10th Cir. 2003) (finding appellate waiver of an issue because the party: (1) only briefly mentioned the issue without citing legal authority or providing a record citation; and (2) did not raise the issue in its opening brief).

apply here to determine whether an issue raised on summary judgment was abandoned for purposes of trial.

Defendants also rely on the Tenth Circuit's decision on the interlocutory appeal in this case as authority for their forfeiture argument. To be sure, the Tenth Circuit found that Defendants waived several of their appellate arguments by not raising them first before this Court.[17] The Tenth Circuit cited the well-established forfeiture and waiver rules that require a party to first present its arguments to the district court in order to preserve them for appeal.[18] The court also considered the well-established rule that the failure on appeal to include an argument in the opening brief constitutes waiver.[19]

Neither line of authority applies to the type of waiver or forfeiture that Defendants ask the Court to recognize here. This Court does not sit as an appellate court. And Defendants do not ask the Court to find waiver or forfeiture on the basis of an argument made for the first time in a reply brief. Instead, Defendants appear to ask the Court to retroactively grant summary judgment on several issues, a request that is untimely and unwarranted. The Court did not err in denying Defendants' motion *in limine* to exclude evidence it claims Plaintiff abandoned on summary judgment.

**B. *Monell* Evidence**

Defendants also moved *in limine* to exclude evidence in support of Plaintiff's official-capacity claims about police policy or custom that is not tied to a Unified Government

---

[17] *Coones*, 166 F.4th at 22 n.8, 24–28 ("The Detectives did not adequately raise their arguable probable cause argument before the district court, have not argued for plain error review on appeal, and have not explained what was wrong with the district court's reasoning in their appellate briefs. They have therefore waived appellate review of this argument." (citation modified)).

[18] *Id.* at 27; *see also GeoMetWatch Corp. v. Behunin*, 38 F.4th 1183, 1206 (10th Cir. 2022) (finding waiver of argument on appeal where litigant did not raise it before the district court).

[19] *Coones*, 166 F.4th at 27.

policymaker under Fed. R. Evid. 402 and 403. Defendants did not identify the specific evidence they wished to exclude in their original motion, although they referenced "[t]estimony about the alleged misconduct of a different officer than the ones on trial," "evidence of Golubski's conduct in other investigations," and "prior investigations of the Schroll deaths," as the type of evidence that would be unduly prejudicial at trial.[20]

The Court denied the motion *in limine*. It first found that Defendants' failure to proffer or specifically identify the evidence they wished to exclude made it impossible to conduct a relevance or Rule 403 analysis. The Court went on to consider the probative value of the evidence identified by Plaintiff in support of the *Monell* claim on summary judgment and found that, at this stage, its prejudicial effect did not substantially outweigh its probative value. Defendants now argue that the Court erred by finding that they did not proffer the evidence they wished to exclude, and by finding that Plaintiff's evidence was more probative than prejudicial.

**1. Relevance**

Evidence is relevant under Fed. R. Evid. 401 if "it has any tendency to make a fact more or less probable than it would be without the evidence; and . . . the fact is of consequence in determining the action." Relevant evidence is admissible unless provided otherwise under the law.[21] Recall that under *Monell v. Department of Social Services of the City of New York*,[22] an injured plaintiff may hold a municipal entity liable "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury."[23] The claim has three general requirements: (1) an

[20] Doc. 136 at 13–14.

[21] Fed. R. Evid. 402.

[22] 436 U.S. 658 (1978).

[23] *Id.* at 694.

underlying injury to a constitutional right of the plaintiff; (2) a municipal policy or custom, and (3) a direct causal link between the policy or custom and the injury.[24]

As the Court explained on summary judgment, the Tenth Circuit has identified the following types of policies or customs for purposes of *Monell*:

> (1) "a formal regulation or policy statement"; (2) an informal custom "amoun[ting] to 'a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law'"; (3) "the decisions of employees with final policymaking authority"; (4) "the ratification by such final policymakers of the decisions—and the basis for them—of subordinates to whom authority was delegated subject to these policymakers' review and approval"; or (5) the "failure to adequately train or supervise employees, so long as that failure results from 'deliberate indifference' to the injuries that may be caused."[25]

Plaintiff asserts that the Unified Government had a widespread practice of ignoring officers' civil rights violations and failed to train or supervise its employees due to deliberate indifference.

To be an informal custom for purposes of *Monell*, "it must 'amoun[t] to a widespread practice that . . . is so permanent and well settled as to constitute a custom or usage with the force of law.'"[26] Thus, Plaintiff must show at trial: "(1) a continuing, widespread, and persistent pattern of misconduct by the [Unified Government]; (2) deliberate indifference to or tacit authorization of the conduct by policy-making officials after notice of the conduct; and (3) a resulting injury to the plaintiff."[27]

---

[24] *See Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 770 (10th Cir. 2013).

[25] *Bryson v. City of Oklahoma City*, 627 F.3d 784, 788 (10th Cir. 2010) (alteration in original) (quoting *Brammer–Hoelter v. Twin Peaks Charter Acad.*, 602 F.3d 1175, 1189–90 (10th Cir. 2010)).

[26] *Lakey v. Bryant*, 181 F.4th 1013, 1032 (10th Cir. 2026) (quoting *Bryson*, 627 F.3d at 788).

[27] *Id.* (quoting *Rost ex rel. K.C. v. Steamboat Springs RE-2 Sch. Dist.*, 511 F.3d 1114, 1125 (10th Cir. 2008)).

On a failure-to-train theory, Plaintiff must demonstrate that Unified Government policymakers "'can reasonably be said to have been deliberately indifferent to the need' for further training or supervision."[28] Similar to where a plaintiff alleges informal custom and usage, this deliberate indifference standard may be

> satisfied when the municipality has actual or constructive notice that its action or failure to act is substantially certain to result in a constitutional violation, and it consciously or deliberately chooses to disregard the risk of harm. In most instances, notice can be established by proving the existence of a pattern of tortious conduct.[29]

In their motion to reconsider, Defendants first argue that the Court erred in finding that they did not proffer the evidence they wished to exclude. But Defendants identified generic evidence they wished to exclude in their motion *in limine*, rather than particular documents or witness testimony. The Court will not rule in advance on the admissibility of evidence without more.[30]

Defendants now identify the following evidence they wish to exclude: (1) "the Chief's irrelevant and highly prejudicial statements that have nothing to do with which policies the Chief endorsed, and (2) highly confusing testimony as to what *non-policymakers* knew about [Roger] Golubski's actions."[31] Defendants then cite to statements in the summary-judgment record by former Chief of Police Ronald Miller and deposition testimony by Michael Lee Kobe, who supervised Golubski for a period of time in the early 2000s. Setting aside Defendants'

---

[28] *See Bryson*, 627 F.3d at 789 (quoting *City of Canton v. Harris*, 489 U.S. 378, 388–91 (1989)).

[29] *Barney v. Pulsipher*, 143 F.3d 1299, 1307 (10th Cir. 1998) (citations omitted).

[30] *See, e.g.*, *Kimzey v. Diversified Servs., Inc*, No. 15-1369-JTM, 2017 WL 131614, at *1 (D. Kan. Jan. 13, 2017) ("Courts look with disfavor on motions in limine 'the gist of which is that the opposing party should be required to comply with the rules of evidence . . . without identifying specific evidence which there is reason to believe may be introduced.'" (quoting *Graham v. Union Pac. R.R.*, No. 06CV00187JLH, 2008 WL 4643292, at *1 (E.D. Ark. Oct. 17, 2008))).

[31] Doc. 180 at 8.

conclusory characterizations of the witnesses' statements, at this stage, the Court finds that the Miller and Kobe evidence is admissible in support of Plaintiff's *Monell* claims.

The individual Defendants in this matter are homicide detectives who worked on the Coones case. There was evidence in the summary-judgment record that, at the time of the Schroll investigation, Golubski was Captain of the homicide and robbery unit, and that he played a supervising role in the case, including approving the final report summarizing the investigation. There was evidence that Golubski engaged in sexual misconduct with informants and had a pattern of fabricating and suppressing evidence. In 2022, Golubski was indicted in federal court for sexual assault and sex trafficking. Miller and Kobe's testimony tends to show that Golubski's misconduct was widespread and known by policymakers prior to the Schroll investigation.

Defendants argue that this evidence is not relevant because it does not pertain to Unified Government policymakers' knowledge or state of mind, and because it does not support a ratification theory. Plaintiff does not rely on a ratification theory on the *Monell* claim. This evidence goes to whether there were certain widespread practices or patterns of misconduct, whether those practices were known to policymakers, and whether those policymakers disregarded the risk of harm. It also goes to whether there was a failure to train that was due to deliberate indifference. To the extent Defendants argue that Plaintiff is unable to prove the policy or custom element of the *Monell* claim, that is not an appropriate motion *in limine*.

**2. Rule 403**

Defendants also argue that evidence about Golubski's misconduct is highly prejudicial and should be excluded under Rule 403 because it could lead to juror confusion by conflating the separate actions of Golubski and the individual Defendants in this case. Under Rule 403, the

Court must also determine whether the evidence's "probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."[32] "Unfair prejudice" under the rule means "an undue tendency to suggest [a] decision on an improper basis, commonly, though not necessarily, an emotional one."[33] "In engaging in the requisite balancing, [the Court] 'give[s] the evidence its maximum reasonable probative force and its minimum reasonable prejudicial value.'"[34] And the Court must remain mindful that "it is not enough that the risk of unfair prejudice be greater than the probative value of the evidence; the danger of that prejudice must *substantially* outweigh the evidence's probative value."[35] Exclusion under Rule 403 "is an extraordinary remedy and should be used sparingly."[36]

Again, Defendants fail to identify the specific evidence they seek to exclude on this basis, beyond Miller and Kobe's statements identified at summary judgment. The Court has already determined that these statements are relevant to the policy or custom element of Plaintiff's *Monell* claim—whether the Unified Government's informal custom or policy or failure to train was responsible for any constitutional injury caused by the detectives. Evidence that tends to show that (1) the detectives' direct supervisor openly committed civil rights violations around the time of the Coones' investigation, and (2) the Unified Government's policymakers tolerated this conduct and/or failed to provide training to avoid it, is highly probative on the policy or

[32] Fed. R. Evid. 403.

[33] Fed. R. Evid. 403 advisory committee's note to 1972 amendment.

[34] *United States v. Cerno*, 529 F.3d 926, 935 (10th Cir. 2008) (quoting *Deters v. Equifax Credit Info. Servs., Inc.*, 202 F.3d 1262, 1274 (10th Cir. 2000)).

[35] *United States v. Henthorn*, 864 F.3d 1241, 1256 (10th Cir. 2017) (quoting *Cerno*, 529 F.3d at 935).

[36] *United States v. Silva*, 889 F.3d 704, 712 (10th Cir. 2018) (quoting *United States v. Tan*, 254 F.3d 1204, 1211 (10th Cir. 2001)).

custom element of the *Monell* claim. At this stage, Defendants have not demonstrated that the danger of prejudice is substantially greater than the probative value of the evidence, particularly if the Court provides a limiting instruction to mitigate any potential for juror confusion.[37] To the extent Defendants seek to exclude evidence other than that identified by Defendants in their motion to reconsider, they may raise such objections contemporaneously. Defendant's motion to reconsider the Court's ruling on this motion in limine is therefore denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendants' Motion to Reconsider (Doc. 180) is **denied**.

**IT IS SO ORDERED.**

Dated: August 24, 2026

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

[37] The Court encourages the parties discuss a stipulated limiting instruction prior to trial.