**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **DEIRDRE COONES, as Executor of the Estate of Olin Coones,**<br>**Plaintiff,**<br><br>**v.**<br><br>**BOARD OF COUNTY COMMISSIONERS OF THE UNIFIED GOVERNMENT OF WYANDOTTE COUNTY/KANSAS CITY, KANSAS, et al.,**<br><br>**Defendants.** | **Case No. 22-2447-JAR** |

**MEMORANDUM AND ORDER**

Plaintiff Deirdre Coones, as Executor of the Estate of Olin Coones, brings this action asserting federal civil rights claims and state law tort claims against Defendants Board of County Commissioners of the Unified Government of Wyandotte County and Kansas City, Kansas; Unified Government of Wyandotte County and Kansas City, Kansas; William Michael; and Angela Garrison. Plaintiff's claims arise out of the wrongful conviction of her deceased husband, Olin Coones, for the murders of Carl and Kathleen Schroll. The remaining claims in this case are set for trial on October 16, 2026. On August 7, 2026, Plaintiff filed a Motion to Modify the Pretrial Order (Doc. 186) that seeks to increase her maximum compensatory damages request at trial. The motion is fully briefed, and the Court is prepared to rule.[1] For the reasons explained below, Plaintiff's motion is denied.

[1] Defendant filed a response, but Plaintiff opted not to file a reply by the August 28, 2026 deadline. *See* D. Kan. Rule 6.1(d)(4).

## I. Background

The Pretrial Order in this case was entered on February 26, 2024.[2] It provides that Plaintiff seeks compensatory damages between $15 million and $30 million, and $100,000 in punitive damages against each individual Defendant. After the Pretrial Order was entered, the Court denied in part Defendant's motion for summary judgment, which included denying the individual Defendants' qualified-immunity defense to certain civil rights claims.[3] Defendants filed an interlocutory appeal, which required the Court to cancel the previously-set jury trial setting of November 4, 2024.

The Tenth Circuit affirmed the Court's qualified immunity ruling on appeal, and the case was remanded on February 12, 2026.[4] The Court held a telephonic status conference to reset the trial date and pretrial deadlines on March 4, 2026. During that conference, Plaintiff's counsel indicated he may file a motion to modify the Pretrial Order to increase the ceiling of the requested compensatory damages based on jury awards in similar cases since the time the original Pretrial Order was entered.[5] Plaintiff filed the instant motion on August 7, asking the Court to modify the Pretrial Order to reflect a compensatory damages request between $15 million and $60 million.

---

[2] Doc. 96.

[3] Doc. 121-1.

[4] Doc. 174.

[5] Plaintiff's counsel cites four jury awards ranging from $34 million to $120 million that their law firm obtained on behalf of clients alleging claims based on wrongful convictions. *Brown v. City of Chicago*, No. 19-cv-4082, Doc. 439 (N.D. Ill. Sept. 16, 2024); *Lobato v. Las Vegas Metro. Police Dep't*, No. 19-cv-1273, Doc. 191 (D. Nev. Dec. 12, 2024); *Fulton v. Bartik*, No. 20-cv-3118, Doc. 488 (N.D. Ill. Mar. 11, 2025); *Boyd v. County of Erie*, No. 22-cv-00519, Doc. 483 (W.D.N.Y. Nov. 25, 2025). The Court takes judicial notice of these jury awards for purposes of ruling on this motion. Fed. R. Evid. 203.

## II. Standard

The final pretrial order aims to "formulate a trial plan" and "encourage[s] both sides to edit their scripts, peel away any pleading and discovery bluster, and disclose something approximating their real trial intentions to opposing counsel and the court."[6] It "controls the course of the action unless the court modifies it."[7] "As such, claims, issues, defenses, or theories of damages not included in the pretrial order are waived."[8]

Under Fed. R. Civ. P. 16(e), the Court may modify a final pretrial order "only to prevent manifest injustice." "[T]he burden of demonstrating manifest injustice falls upon the party moving for modification."[9] The Court considers the following factors: "(1) 'prejudice or surprise' to the party opposing modification, (2) 'the ability of that party to cure any prejudice,' (3) 'disruption to the orderly and efficient trial of the case,' and (4) 'bad faith by the party seeking to modify the order.'"[10] While the manifest injustice standard is not "meant to preclude any flexibility," it is high "to ensure everyone involved has sufficient incentive to fulfill the order's dual purposes of encouraging self-editing and providing reasonably fair disclosure to the court and opposing parties alike of their real trial intentions."[11]

## III. Discussion

The Court finds that the manifest-injustice factors weigh in favor of denying Plaintiff's motion. First, the Court considers the prejudice or surprise to Defendants. "[P]rejudice is

---

[6] *Monfore v. Phillips*, 778 F.3d 849, 851 (10th Cir. 2015) (quoting Fed. R. Civ. P. 16(e)).

[7] Fed. R. Civ. P. 16(d).

[8] *Wilson v. Muckala*, 303 F.3d 1207, 1215 (10th Cir. 2002).

[9] *AECOM Tech. Servs., Inc. v. Flatiron AECOM, LLC*, No. 25-1140, 2026 WL 2358689, at *13 (10th Cir. Aug. 14, 2026) (quoting *Koch v. Koch Indus.*, 203 F.3d 1202, 1222 (10th Cir. 2000)).

[10] *Id.* (quoting *Koch*, 203 F.3d at 1222).

[11] *Monfore*, 778 F.3d at 851.

measured by whether the opposing party is harmed in terms of their ability to prepare their defense, not by whether they are subject to an unfavorable ruling."[12] And the timing of the motion to modify in relation to trial is an important consideration in analyzing whether it would cause prejudice or surprise.[13] The most recent jury award Plaintiff relies on as a basis to increase the compensatory damages ceiling in this case was from November 2025. Thus, even though Plaintiff knew that there was a basis to move to modify the damages request in the Pretrial Order as soon as the Tenth Circuit remanded the case in February 2026, Plaintiff waited almost six months to file the motion. Plaintiff offers no explanation for this delay, and the Court finds that the degree of the requested damages increase, coupled with the timing of the motion, at the very least causes surprise to Defendants in this long-standing case close to trial. This factor weighs in favor of denying the motion to modify.

The next factor is whether the opposing party has the ability to cure the prejudice or surprise caused by the modification. Generally, when the motion "is made prior to trial, it is more easily found that the opposing party could cure any prejudice."[14] In this case, the Court is unable to find that modification before trial gives Defendants sufficient time to cure the prejudice. The proposed modification doubles the ceiling of Plaintiff's compensatory damages request well over two years after the Pretrial Order was filed, about two months before trial.[15] Defendants have based their strategic planning of this case on the damages request that was included in the Pretrial Order. And although the type of damages requested would not change with the proposed modification, Plaintiff fails to explain how she plans to prove this increased

[12] *Wiens v. Farm Bureau Prop. & Cas. Ins.*, No. 23-CV-01002-TC, 2024 WL 5440028, at *2 (D. Kan. Feb. 16, 2024) (quoting *Davey v. Lockheed Martin Corp.*, 301 F.3d 1204, 1210 (10th Cir. 2002)).

[13] *See Davey*, 301 F.3d at 1210–11.

[14] *Id.* at 1211.

[15] The Court acknowledges that most of this period was due to Defendants' interlocutory appeal.

damages amount that is now twice as high. Discovery has long since closed and the parties have proceeded with the universe of claims, defenses, and damages that were finalized in February 2024. Given the surprise and delay associated with Plaintiff's requested modification, the Court finds that it could be not easily cured.

The third factor is disruption to the orderly and efficient trial of this case. There is no indication that allowing Plaintiff's proposed modification will require a trial continuance, and neither party addresses whether additional discovery or evidence will be needed if the modification is granted. This factor weighs in favor of granting Plaintiff's motion.

Fourth and finally, the Court considers whether the motion to modify is brought in bad faith. While there is no evidence Plaintiff acted in bad faith, the Court is troubled by the delay in filing the motion, which suggests gamesmanship.[16] This Court regained jurisdiction in this case on February 19, 2026, and the parties agreed on a new October trial date shortly thereafter. Despite mentioning its intent to file the motion to modify back in March, Plaintiff waited six months to request a significant damages modification to the Pretrial Order. Under these circumstances, the Court exercises its discretion in finding that Plaintiff's delayed request for modification will cause prejudice and surprise to Defendants that cannot be easily cured, and that the manifest-injustice factors weigh in favor of denying the motion.

**IT IS THEREFORE ORDERED BY THE COURT** that Motion to Modify the Pretrial Order (Doc. 186) is **denied**.

**IT IS SO ORDERED.**

Dated: September 10, 2026

[16] *See Wiens*, 2024 WL 5440028, at *2 (citing *Monfore*, 778 F.3d at 851).

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE