**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

DEIRDRE COONES, as executor of the estate of Olin Coones,

Plaintiff,

v. Case No. 2:22-cv-02447-JAR

BOARD OF COUNTY COMMISSIONERS OF THE UNIFIED GOVERNMENT OF WYANDOTTE COUNTY AND KANSAS CITY, KS, et al.,

Defendants.

---

**Request for Additional Jury Instructions**

Pursuant to Fed. R. Civ. P. 51 and local rule 51.1(c)(1), Defendants request the Court provide the jury instruction that appears following the argument below.

**Statement of Law**

A party is entitled to a proposed instruction that "is properly and timely brought to the trial court's attention, is legally correct, and is supported by the evidence." *First Sec. Bank of Beaver, Okla. v. Taylor*, 964 F.2d 1053, 1058 (10th Cir. 1992).

Federal Rule of Civil Procedure 51 states in relevant part,

> (a) Requests.
>
> (1) Before or at the Close of the Evidence. At the close of the evidence or at any earlier reasonable time that the court orders, a party may file and furnish to every other party written requests for the jury instructions it wants the court to give.
>
> (2) *After the Close of the Evidence.* After the close of the evidence, a party may: (A) file requests for instructions on issues that could not reasonably have been anticipated by an earlier time that the court set for requests; and (B) with the court's permission, file untimely requests for instructions on any issue.

Further, local rule 51.1(c) states, "Instructions not requested as set forth above and not timely filed will be considered not properly requested … unless the subject of the request is one

arising in the course of trial that could not have been anticipated prior to trial from the pleadings, discovery, or nature of the case."

**Argument**

Section 1983 was designed to allow a person to take corrective action against governmental violation in light of the federal government's immunity to suit at common law. Indeed, the statute explicitly contemplates that only the injured party can recover for his or her damages: "[a person who causes harm] shall be liable ***to the party injured*** in an action at law, suit in equity…" 42 U.S.C. 1983. Plaintiffs have presented significant testimony regarding the emotional distress and damages sustained by Pete Coones' family. A limiting instruction is warranted to instruct that the jury cannot consider the distress and damages of persons other than Pete Coones.

The Court should provide the following instruction to the jury to ensure that damages are measured according to what the law provides. The damages theory presented in Plaintiff's case in chief is not supported by the law, was not reasonably foreseeable, and must be addressed to prevent manifest injustice to Defendants.

INSTRUCTION NO. __

MEMBERS OF THE JURY:

You have heard testimony concerning the emotional distress, grief, hardship, and other personal consequences experienced by members of the family of Olin "Pete" as a result of his arrest, prosecution, conviction, and incarceration.

This action is brought by the executor of Mr. Coones' estate. His children and other family members are not asserting individual claims for damages in this action. You may consider testimony from family members to the extent it assists you in determining any damages personally sustained by Mr. Coones that are recoverable under the claims submitted to you.

However, you must not award damages to compensate Mr. Coones' children, spouse, or

other heirs for their own emotional distress, grief, loss of companionship, loss of parental guidance, or other personal injuries. The fact that family members may ultimately benefit from a recovery by the estate does not make their individual injuries compensable in this action.

Any award must be limited to the legally recoverable damages established by the evidence and attributable to Mr. Coones, or otherwise expressly authorized by the Court's instructions concerning the estate's claims.

<u>Authorities:</u>

*Memphis Community Sch. Dist. v. Stachura*, 477 U.S. 299, 305-06 (1986) (1983 damages are a species of tort liability in favor of person deprived of their rights).

*Martin v. Naik*, 297 Kan. 241, 257-58 (Kan. 2013) (analogous Kansas statute considered decedent the damaged party for damages purposes).

*Trujillo v. Bd. of Cnty. Com'rs of Santa Fe Cnty.*, 768 F.2d 1186, 1187 n. 3. (10th Cir. 1985) (survivor claims differ from derivative rights claims brought on the decedent's behalf).

*Berry v. City of Muskogee, Oklahoma*, 900 F.2d 1489, 1500- (10th Cir. 1990) (no claim to pain and suffering for family, only for decedent).

*In re Air Crash Disaster Near Chicago, Illinois, on May 15, 1979*, 771 F.2d 338, 339 (7th Cir. 1985) (in a wrongful death suit, analogous for purposes of who estate brings the action on behalf of, "the emotional distress of the next of kin is not a pecuniary injury and is therefore never compensable under the Wrongful Death Act.").

**Fisher, Patterson, Sayler & Smith, LLP**
3550 SW 5th Street | Topeka, Kansas 66606
Tel: (785) 232-7761 | Fax: (785) 232-6604
dcooper@fpsslaw.com | cbranson@fpsslaw.com |
dsloan@fpsslaw.com

**s/ David R. Cooper**

| | |
|---|---|
| David R. Cooper | #16690 |
| Charles E. Branson | #17376 |
| Daniel C. Sloan | #29193 |

*Attorneys for Defendants*

Daniel E. Kuhn, #20429
Unified Government of Wyandotte
County/Kansas City, Kansas
Legal Department
701 N. 7th Street, Suite 961
Kansas City, Kansas 66101
Tel: (913) 573-5060 | Fax: (913) 573-5243
Email: dkuhn@wycokck.org
*Attorney for Defendants Unified Government of Wyandotte County and Kansas City, Kansas*

**Certificate of Service**

On October 27, 2026, I caused the foregoing to be electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record.

s/David R. Cooper